■ NEAL L. HIRSHFELD et al., Respondents, v MARYLAND CASUALTY COMPANY et al., Appellants. [671 NYS2d 100] —In an action to recover damages for breach of an insurance contract, the defendants appeal from an order of the Supreme Court, Rockland County (Meehan, J.), dated May 28, 1997, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant Maryland Casualty Company (hereinafter Maryland Casualty) issued a homeowners insurance policy to the plaintiffs. Although the policy itself excluded coverage for damages resulting from water backup, an endorsement to the policy provided coverage of $3,500 for such damages. The plaintiffs claim that they received the policy itself along with a declarations page and a supplemental declarations page, but that they never received the water backup damage endorsement. The declarations page and the supplemental declarations page refer to the water backup damage endorsement, but do not indicate the $3,500 limit of coverage.

The plaintiffs brought this action alleging that Maryland Casualty breached the insurance contract by refusing to indemnify

them in full for a $16,659.50 loss resulting from water backup. In essence, the plaintiffs claim that they should not be subject to the $3,500 limitation of the water backup endorsement because the coverage limitation was not indicated on either of the declarations pages.

We conclude that the Supreme Court erred in refusing to grant summary judgment to the defendants. As indicated in the supplemental declarations page, the water backup endorsement was "made a part" of the policy and was thereby incorporated by reference regardless of whether the plaintiffs received actual delivery of the endorsement (*see, Matter of Metropolitan Prop. & Liab. Ins. Co. [Traphagen]*, 199 AD2d 915). Under the circumstances, the plaintiffs cannot seek the benefit of the coverage provided by the endorsement without being subject to the limitations of that coverage (*see, e.g., Schunk v New York Cent. Mut. Fire Ins. Co.*, 237 AD2d 913; *Benatovich v Propis Agency*, 224 AD2d 998; *Galaska v State Farm Mut. Auto. Ins. Co.*, 177 AD2d 947). Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.