## (May 21, 1979)

■ BURGER KING CORP., Appellant, v STANLEY AMELKIN et al., Constituting the Zoning Board of Appeals of the Town of Huntington, Respondents.— In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Huntington which denied the petitioner's application for a special exception, petitioner appeals from a judgment of the Supreme Court, Suffolk County, dated April 14, 1978, which denied its petition. Judgment affirmed, with $50 costs and disbursements. Courts generally will not interfere with a board's determination dealing with a special exception since these matters are best "resolved by the 'common-sense judgments' of 'representative citizens doing their best to make accommodations between conflicting community pressures' " (Matter of Lemir Realty Corp. v Larkin, 11 NY2d 20, 25). Damiani, J. P., Cohalan, Margett and Martuscello, JJ., concur.

■ FEDERAL DEPOSIT INSURANCE CORPORATION, Appellant, v A-LEET COMMERCIAL SERVICES, INC., Respondent.—In an action, inter alia, to recover a sum of money allegedly due and owing under an agreement to repurchase previously assigned and discounted leases of personal property after they had fallen into default, plaintiff appeals (1) from an order of the Supreme Court, Nassau County, dated September 13, 1978, which denied its motion for summary judgment, and (2) from a further order of the same court, dated December 6, 1978, which treated its motion (captioned a motion for "leave to renew and reargue") as one for reargument and denied said motion. Order dated September 13, 1978, reversed, on the law, plaintiff's motion for summary judgment is granted as to liability only and the action is remitted to Special Term for an assessment of damages. Appeal from the order dated December 6, 1978 dismissed. Plaintiff is awarded one bill of $50 costs and disbursements to cover both appeals. Since the plaintiff had established the facts underlying its cause of action by documentary evidence, it was incumbent upon the defendant to come forward with proof of evidentiary facts showing the existence of a genuine and substantial issue in order to defeat summary judgment. "Only the existence of a bona fide issue raised by evidentiary facts and not one based on conclusory or irrelevant allegations will suffice to defeat summary judgment" (Rotuba Extruders v Ceppos, 46 NY2d 223, 231; see Orens v Pel's Food, 54 AD2d 691). Judged by this standard the defendant's showing is lacking in substance. However, the assessment of damages will require a further hearing (see CPLR 3212, subd [c]). Rabin, J. P., Gulotta, Martuscello and Mangano, JJ., concur.