■ MANSHUL CONSTRUCTION CORP., Respondent, v CITY OF NEW YORK et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendant. JULIUS SHULMAN et al., Third-Party Defendants-Respondents.—In an action to recover damages for, *inter alia,* breach of contract, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Kings County (Rader, J.), dated July 1, 1987, which (1) granted the motion of the plaintiff and third-party defendants for sum-

mary judgment dismissing the second counterclaim and third-party complaint and (2) denied their cross motion for leave to amend their answer to assert a third counterclaim for rescission of the contract.

Ordered that the order is affirmed, with costs.

The plaintiff, Manshul Construction Corporation, was awarded a contract by the City of New York and the Department of Parks and Recreation (hereinafter the appellants) for the construction and rehabilitation of the "Betsy Head Pool and Park" project in Brooklyn. The plaintiff had submitted a bid wherein it agreed to complete the project within 455 consecutive calendar days, for the cost of $2,523,000. This offer had been the lowest bid received by the defendants, although the appellants' own engineer estimated that the project would cost only $2,424,606.

The plaintiff was unable to complete performance within the time specified in the contract. Claiming that the delay in performance was caused by the appellants, the plaintiff commenced the instant action in an effort to recover damages, *inter alia,* for breach of contract. Specifically, the plaintiff sought compensation for the sums it was required to expend and the additional work it was compelled to perform as a result of the obstacles and delays encountered in completing the project. The plaintiff alleged, in eight causes of action, that the appellants were responsible for the delay and should be held accountable for the damages which ensued, in that the appellants had issued approximately 40 change of work orders; they failed to coordinate the work of other contractors assigned to the project; they failed to provide adequate access and full-time supervision and they had supplied defective drawings and specifications for the project. The plaintiff alleged that as a result of the foregoing, it was caused to perform work other than and in addition to that required by the contract. The plaintiff also sought to recover punitive damages, in the sum of $6,000,000, based upon a variety of tortious acts allegedly committed by the appellants.

In an amended answer dated June 6, 1984, the appellants generally denied the material allegations of the complaint. They also raised 11 affirmative defenses and interposed 2 counterclaims. The second counterclaim, which is the subject of this appeal, alleged, in pertinent part, that the plaintiff "intentionally and knowingly submitted a bid in an amount which was less than the sum [it] intended to exact from defendant". The appellants, therefore, requested that they be

awarded liquidated damages in the sum of $74,725, as well as substantial punitive damages, by reason of the plaintiff's alleged misrepresentations and fraudulent conduct in "pressur[ing] the appellants into giving it monies over and above the amount which it had agreed to accept for the work".

The appellants subsequently served the plaintiff and others with a third-party complaint which, in substance, reiterated the allegations of its second counterclaim. In response, the plaintiff moved to dismiss the second counterclaim and the third-party complaint pursuant to CPLR 3212, on the ground that the appellants had failed to state a cause of action. The Supreme Court ultimately granted the plaintiff's motion for summary judgment and this appeal ensued.

We find, as did the Supreme Court, that the allegations set forth in the appellants' second counterclaim and third-party complaint essentially amount to a charge of fraud on the part of the plaintiff and its principals. The thrust of the appellants' claim was that the plaintiff failed to provide an adequate "cushion" in formulating the cost of the project and through underbidding, fraudulently procured the award of the contract.

The record, however, does not support a finding that the plaintiff affirmatively promised to provide a cushion during prebid or postbid negotiations or that the appellants relied upon any such promise. Significantly, the contract entered into between the parties did not contain any requirement that a cushion be included in the provision pertaining to the cost of the project. Nor does General Municipal Law § 103 *et seq.,* which governs conspiracies to prevent competitive bidding, contain any provision requiring the inclusion of a cushion. Although the appellants maintain that the failure to provide a cushion was in direct contravention of the contractual provisions which precluded the plaintiff from recovering any damages for delay *(see, Kalisch-Jarcho, Inc. v City of New York,* 58 NY2d 377), this does not amount to fraudulent bidding. The plaintiff, upon submitting its bid, warranted that the site of the project had been inspected and that it was prepared to execute and perform all covenants. The plaintiff further affirmed that it read the contract; that it would comply with all the conditions expressed therein and that it was financially capable of performing its terms. Thus, the plaintiff's failure to account for any extra and additional costs which might arise and its quest to now recover these costs, despite the exculpatory clause, at best, may constitute a breach of an implied contractual obligation.

It is, however, well settled "that a cause of action for fraud does not arise when the only alleged fraud relates to a breach of contract. *(See, Spellman v Columbia Manicure Mfg. Co.,* 111 AD2d 320, 323, and cases discussed therein.)" *(Metropolitan Transp. Auth. v Triumph Adv. Prods.,* 116 AD2d 526, 527.) Similarly, a cause of action sounding in fraud may not be sustained where the pleading alleges that the party to be charged did not intend to perform the contract at the time the contract was executed *(see, Briefstein v Rotondo Constr. Co.,* 8 AD2d 349).

In short, while the "no damages for delay" clause may represent a viable affirmative defense to the plaintiff's attempt to recover damages, the allegation that the plaintiff circumvented this clause by failing to provide a cushion does not give rise to an actionable claim for fraud under which the appellants may recover damages from the plaintiff.

We have examined the defendant's remaining contentions and find them to be without merit for reasons stated by Justice Rader in his decision at the Supreme Court. Bracken, J. P., Eiber, Kooper and Harwood, JJ., concur.