■ NORTHEAST SAVINGS, F.A., Formerly Known as SCHENEC-TADY SAVINGS BANK, Respondent, v SEAN BAILEY et al., Defendants, and GEORGE E. BAILEY, Appellant.—Kane, J. Appeal from an order of the Supreme Court (Lynch, J.), entered August 28, 1987 in Schenectady County, which granted plaintiff's motion for summary judgment.

Plaintiff commenced this action seeking to foreclose on certain real property located in the Town of Niskayuna, Schenectady County. In response to plaintiff's complaint, only defendant George E. Bailey filed an answer. The remaining defendants simply filed notices of appearances and waivers in foreclosure.

Bailey's name is not on the deed to the property, nor is it on the subject mortgage documents. In plaintiff's complaint, it was noted that Bailey was named as a defendant only because he had filed a notice of pendency on the property. Bailey, however, asserted two affirmative defenses in his answer claiming that his interest in the property was superior to plaintiff's because he had been the actual party making the mortgage payments, that he had a lease agreement to possess the property and that the conveyance to the present owners (the remaining defendants in this action) was in furtherance of a fraud.

After Bailey answered, plaintiff moved for summary judgment. In the meantime, Bailey's notice of pendency was

apparently canceled by a court order. Bailey opposed the summary judgment motion, again alleging that he had made the mortgage payments, that the transfer was a fraud and that the property was in a constructive trust for him. Supreme Court granted plaintiff's motion and this appeal by Bailey ensued.

We affirm. Plaintiff's motion was supported by affidavits as well as documentary evidence which established the facts underlying its cause of action. It was then incumbent upon Bailey to come forward with proof of evidentiary facts showing the existence of genuine issues in order to defeat plaintiff's motion for summary judgment (see, Federal Deposit Ins. Corp. v A-Leet Commercial Servs., 70 AD2d 627). Here, however, the record before us discloses only conclusory allegations and a failure by Bailey to supply any evidentiary specificity to support his affirmative defenses (see, Lombardi v Pisari, 77 AD2d 646, 647). More than suspicion or surmise of a possible defense must be shown in response to a plaintiff's motion for summary judgment; bald conclusory assertions are insufficient (Two Clinton Sq. Corp. v Gorin Stores, 51 AD2d 643, 644).

As a final matter, Bailey argues that because the remaining defendants did not sign the deed containing the assumption of mortgage clause, they did not assume the mortgage (see, General Obligations Law § 5-705). In addressing this argument, we first note that Bailey failed to establish any interest in the property and was named in the action only because he filed a notice of pendency. In any event, the argument is without merit. Even where a grantee has not assumed personal responsibility for a mortgage debt, the grantee is still liable to the extent that the property itself is primarily liable to satisfy the mortgage payment (3A Warren's Weed, New York Real Property, Mortgages, § 12.04 [4th ed]; see, Kmetz v De Ronde, 231 NY 641). Accordingly, Supreme Court properly granted plaintiff's motion for summary judgment and its decision should not be disturbed.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.