■ PATRICK MALKMES et al., Plaintiffs, v TOWN OF BROOKHAVEN, Defendant and Third-Party Plaintiff-Respondent. ROSEMARY WAGNER, Third-Party Defendant-Appellant.—In an action to recover damages for personal injuries, etc., the third-party defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Brown, J.), entered June 26, 1990, as denied that branch of her motion which was for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the third-party complaint is dismissed.

The infant plaintiff was injured in a sledding accident in a sump facility owned by the defendant Town. He had gained access to the sump by entering the third-party defendant's backyard and passing through a hole in a fence owned by the Town, and abutting the third-party defendant's property. The third-party defendant moved for summary judgment, asserting that she neither owned, maintained, nor controlled the fence through which the child entered the sump. The court (although granting the third-party defendant partial summary judgment on the issue of ownership of the fence) denied the motion, finding that questions of fact existed as to whether the third-party defendant created the hole or otherwise breached a duty owed to plaintiffs. We reverse.

There is no evidence to establish that the third-party defendant created the hole in the fence and the assertions of the plaintiffs and the Town that she may have done so are nothing more than conjecture or surmise, which are insufficient to defeat a motion for summary judgment (see, *Peppermill Realty v Vahab,* 152 AD2d 554). Accordingly, the third-party defendant is entitled to summary judgment dismissing the third-party complaint. Harwood, J. P., Balletta, Rosenblatt and Santucci, JJ., concur.

■ METROPOLITAN MULTI-HOUSING LAUNDRY ASSOCIATION et