■ F. NATHANSON & COMPANY, Respondent, v MONO MARI-NELLO, Appellant, et al., Defendants. [596 NYS2d 133] —In an action, inter alia, to recover damages for breach of contract and fraud, the defendant Mono Marinello appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Colby, J.), dated March 21, 1991, as denied that branch of his motion which was to dismiss the third cause of action insofar as it is asserted against him for failure to state a cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that the branch of motion which was to

dismiss the third cause of action insofar as it is asserted against the appellant is granted, and the third cause of action in the complaint is dismissed insofar as it is asserted against the appellant.

The plaintiff's third cause of action alleging fraud failed to state in detail the circumstances constituting the wrong *(see,* CPLR 3016 [b]). The complaint does not allege sufficient facts to support an inference that the appellant intentionally or knowingly misrepresented material facts which induced the plaintiff to sell merchandise to the defendants *(see, Elsky v KM Ins. Brokers,* 139 AD2d 691). Moreover, the plaintiff based its fraud claim on a contract allegedly entered into with the defendant Quality Fish Co. It is well settled that a cause of action seeking damages for fraud cannot be sustained when the only fraud charged relates to a breach of contract *(see, Manshul Constr. Corp. v City of New York,* 143 AD2d 333, 336; *Spellman v Columbia Manicure Mfg. Co.,* 111 AD2d 320, 323-324).

In light of this determination, it is unnecessary to reach the appellant's remaining contentions, and we find that the plaintiff's remaining contentions are without merit. Lawrence, J. P., Eiber, O'Brien and Ritter, JJ., concur.