■ LOUIS PEPPER, Appellant, v FARAJ (FREDDY) HEZGHIA et al., Respondents. [762 NYS2d 917] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), entered May 6, 2002, as, sua sponte, imposed a sanction upon him, denied that branch of his motion which was for summary judgment on the first cause of action, and granted the cross motion of the defendant Vida Hezghia Keypour for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that on the Court's own motion, so much of the notice of appeal which purports to appeal as of right from that portion of the order as, sua sponte, imposed a sanction upon the plaintiff is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law and as a matter of discretion, by (1) deleting the provision thereof which, sua sponte, imposed a sanction upon the plaintiff, (2) deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the first cause of action insofar as asserted against the defendant Faraj (Freddy) Hezghia, and substituting therefor a provision granting that branch of the motion, (3) deleting the provisions thereof granting those branches of the cross motion of the defendant Vida Hezghia Keypour which were for summary judgment dismissing the first and third causes of action insofar as asserted against her, and substituting therefor provisions denying those branches of the cross motion, and (4), upon searching the record, granting summary judgment to the defendant Faraj (Freddy) Hezghia dismissing the second cause of action in the complaint insofar as asserted against him; as so modified, the

order is affirmed insofar as appealed from, with one bill of costs to the plaintiff, the first and third causes of action are reinstated insofar as asserted against the defendant Vida Hezghia Keypour, and the second cause of action is dismissed insofar as asserted against the defendant Faraj (Freddy) Hezghia.

The plaintiff submitted documentary evidence establishing, as a matter of law, his entitlement to summary judgment on the breach of contract claim against the defendant Faraj (Freddy) Hezghia, who, in turn, failed to rebut that showing. Accordingly, the Supreme Court improperly denied that branch of the plaintiff's motion which was for summary judgment on the first cause of action insofar as asserted against Hezghia (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In light of the foregoing, the Supreme Court improvidently exercised its discretion in, sua sponte, imposing a sanction upon the plaintiff, since his motion was not frivolous (*see* 22 NYCRR 130-1.2; *Nowak v Walden*, 187 AD2d 418 [1992]). Moreover, we note that the Supreme Court's direction that the sanction be paid directly to the defendants, rather than to the Lawyers' Fund for Client Protection of the State of New York, was erroneous (*see Martino v Martino*, 194 AD2d 591, 592-593 [1993]; *Nowak v Walden, supra*).

Summary judgment on the first and third causes of action should not have been granted to the defendant Vida Hezghia Keypour, as there are issues of fact as to whether she signed the contract with the intent to be personally bound (*see Star Video Entertainment v J & I Video Distrib.*, 268 AD2d 423, 423-424 [2000]). Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the first and third causes of action insofar as asserted against Keypour, but erred in granting those branches of Keypour's cross motion which were for summary judgment dismissing the first and third causes of action insofar as asserted against her.

The second cause of action sounds in fraud but relates directly to the breach of contract claim, in that it alleges that the defendants did not intend to perform the contract at the time that it was executed. Accordingly, the second cause of action cannot be sustained (*see F. Nathanson & Co. v Marinello*, 192 AD2d 575 [1993]; *Manshul Constr. Corp. v City of New York*, 143 AD2d 333, 336 [1988]). Feuerstein, J.P., Friedmann, Luciano and Townes, JJ., concur.