THEODORE SINGER, Appellant, v JOHN NERI et al., Respondents. [820 NYS2d 96]—

In an action, inter alia, to recover damages for breach of contract and for a judgment declaring that the conditions necessary for the release of the mortgage assignment from escrow

have been satisfied, the plaintiff appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated September 8, 2004, which denied his motion for summary judgment on the complaint and dismissing the affirmative defenses and counterclaim asserted by the defendant Martin Riskin.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of damages and for further proceedings in accordance herewith.

This litigation arises from various real estate transactions between the plaintiff and the defendant Martin Riskin. In the particular transaction at issue, the plaintiff claims that he borrowed money from Riskin to purchase a mortgage on property located at 444 Union Street in Brooklyn. Although this mortgage was recorded in Riskin's name, the parties thereafter entered into a written agreement dated January 24, 2000 (hereinafter the mortgage assignment), wherein Riskin agreed to assign the mortgage to the plaintiff in return for a certain number of mortgage payments. By a separate written agreement dated May 9, 2000 (hereinafter the Agreement), it was further agreed that the mortgage assignment would be held in escrow by the defendant Jerald DeSocio until Riskin received 25 additional mortgage payments. The plaintiff alleges that even though all of the required mortgage payments were made to Riskin, the escrow agent would not release the assignment. The plaintiff commenced this action seeking specific performance of the Agreement, a declaration "that the conditions necessary for the release of the mortgage assignment to the plaintiff ha[ve] been satisfied, . . . compensatory damages in an amount equal to the mortgage payments received by Riskin in excess of those contemplated by the Agreement," and costs, expenses and attorney's fees. In his answer, Riskin asserted various affirmative defenses and a counterclaim sounding in abuse of process and/or malicious prosecution. The plaintiff moved for summary judgment, arguing that he was entitled to judgment based upon documentary evidence and that Riskin's affirmative defenses and counterclaim were without merit. The court denied the motion, finding that there were issues of fact. We reverse.

A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any material issues of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zuckerman v City of New York, 49 NY2d 557 [1980]). Once such a prima facie showing has been made, the burden shifts to the party opposing the motion for

summary judgment to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York, supra*).

Here, the plaintiff demonstrated his prima facie entitlement to summary judgment on the issue of liability. The plaintiff produced the documentary evidence of the mortgage assignment and the Agreement, both of which were signed by Riskin, and support the plaintiff's claim. The plaintiff also produced documentary evidence in the form of 31 mortgage payment checks made payable to Riskin from the defendant Bertha Negri, the homeowner. In particular, 25 of these checks postdate the Agreement and, as per the terms of the Agreement, the mortgage assignment was only to be held in escrow *until* Riskin received 25 mortgage payments after May 9, 2000. Accordingly, the plaintiff's documentary evidence, coupled with his verified complaint in which he stated that the defendants refused to release the assignment, established his prima facie entitlement to a judgment declaring that the conditions necessary for the release of the mortgage assignment from escrow have been satisfied (*see generally Pepper v Hezghia*, 307 AD2d 959 [2003]; *Northeast Sav. v Bailey*, 143 AD2d 474 [1988]; *Federal Deposit Ins. Corp. v A-Leet Commercial Servs.*, 70 AD2d 627 [1979]).

In opposition, the defendants failed to meet their burden of producing evidentiary proof in admissible form to demonstrate the existence of material issues of fact which require a trial of the action (*see Alvarez v Prospect Hosp., supra*). In particular, the affirmative defenses and the counterclaim asserted by Riskin are without merit. Moreover, the opposition submitted by Riskin, who was the only defendant to oppose the plaintiff's motion in the Supreme Court, comprises little more than conjecture and unsupported allegations. It is well settled that mere surmise or conjecture is insufficient to defeat entitlement to summary judgment (*see Malkmes v Town of Brookhaven*, 184 AD2d 759 [1992]; *Peppermill Realty v Vahab*, 152 AD2d 554 [1989]).

Therefore, the Supreme Court erred in denying the plaintiff's motion which sought summary judgment on the complaint and dismissal of Riskin's affirmative defenses and counterclaim. However, on the record before us, we cannot discern whether the plaintiff is entitled to any compensatory damages. Consequently, we remit the matter to the Supreme Court, Kings County, for further proceedings, including a hearing on the issue of damages, and for the entry of a judgment thereafter, inter alia, declaring that the conditions necessary for the release of the mortgage assignment from escrow to the plaintiff have

been satisfied. Schmidt, J.P., Santucci, Luciano and Rivera, JJ., concur.