■ ELHILOW & MAIOCCHI, LLP, Appellant, v CITY OF YONKERS et al., Respondents. [855 NYS2d 594]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), dated January 26, 2007, as granted those branches of the defendants' motion which were for summary judgment dismissing the eighth and ninth causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2001 the plaintiff law firm entered into a contract with the defendant City of Yonkers, pursuant to which the plaintiff agreed to engage in certain nonlitigation efforts to collect outstanding judgments already entered in parking violations cases. The contract provided, inter alia, that the plaintiff was to be paid one third of *"all funds recovered."*

In June 2005 the City terminated the contract. In August

2005 the plaintiff commenced this action against the City, the City of Yonkers Office of Municipal Code Violations, the City of Yonkers Parking Violation Bureau, and Frank J. McGovern, the Director of the City of Yonkers Office of Municipal Code Violations (hereinafter collectively the defendants) alleging, inter alia, breach of contract. Insofar as relevant to the instant appeal, the complaint asserted, as the eighth and ninth causes of action, respectively, that a charging lien should be imposed upon the case files of the referred collection matters and that the plaintiff is entitled to recover legal fees for services it had rendered in its effort to collect on those referred judgments which had not yet been satisfied at the time that the contract was terminated.

The Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the eighth and ninth causes of action. The defendants established their prima facie entitlement to judgment as a matter of law by submitting the subject contract, which specifically provided that the plaintiff was only to be paid on "funds recovered" (*see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Singer v Neri*, 31 AD3d 738 [2006]; *Marine Midland Bank v Cafferty*, 174 AD2d 932 [1991]). Accordingly, the plaintiff was not entitled to receive payment, pursuant to a charging lien or otherwise, for its efforts in connection with nonlitigation collection matters in which the funds had yet to be recovered. In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact (*see Kaplan v Hamilton Med. Assoc.*, 262 AD2d 609, 610 [1999]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Santucci, Dickerson and Belen, JJ., concur.