■ 30-40 EAST MAIN STREET BAYSHORE, INC., et al., Respondents, v REPUBLIC FRANKLIN INSURANCE Co. et al., Appellants. [904 NYS2d 740]—

In an action, inter alia, to recover damages for breach of a business owners insurance policy, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated December 12, 2008, as denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the complaint, and substituting therefor a provision granting that branch of the motion which was for summary judgment dismissing all of the causes of action with the exception of the cause of action al-

leging consequential damages, consisting of loss of rent not allowed in the appraisal process conducted pursuant to Insurance Law § 3404; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants.

The plaintiff 30-40 East Main Street Bayshore, Inc., owned certain commercial property in Suffolk County. The plaintiff Louis J. Modica was the sole principal of that corporation. A number of tenants occupied various establishments at the property. On November 7, 2000 a fire broke out in one of the units, substantially destroying it, and damaging another of the units. At that time, there was a business owners policy of insurance in effect covering the premises, issued by the defendant Utica Mutual Insurance Company, which was affiliated with the defendant Republic Franklin Insurance Company (hereinafter together referred to as Utica or the insurer). The policy provided coverage for a number of categories of loss, such as damage to the subject building, as well as to "Covered Property," which included tenants' "improvements and betterments," consisting of such items as trade fixtures. In addition, the policy provided coverage for loss of "Business Income," as therein defined.

Following Utica's "net partial payment" to the plaintiffs in July 2001 in the amount of about $177,000, and the parties' failure to agree on the total amount of the loss sustained as a result of the fire, the plaintiffs brought this action in November 2002. They claimed damages in the amount of $375,000, allegedly arising from structural damage to the premises, to "permanent improvements" affixed thereto, as well as loss of business income in the form of lost rent. The plaintiffs also alleged that Utica breached its obligation under the policy to conduct an appraisal of the loss pursuant to Insurance Law § 3404, by failing to name a disinterested appraiser. They sought injunctive relief directing the insurer to comply with Insurance Law § 3404.

The appraisal issue was addressed in earlier motion practice. In an order dated March 12, 2007, the Supreme Court, inter alia, granted that branch of the plaintiffs' cross motion which was to compel the insurer to designate a disinterested appraiser. An appraisal was thereafter conducted, and in August 2007, the appraisers awarded the insured a total of $536,971.42, consisting of the actual cost to construct the base building ($292,272.35), improvements and betterments ($146,965.07), and a "covered portion" of lost rent (in the total amount of $97,734). The appraisal noted that there was an additional amount of lost rent (also in the amount of $97,734), allegedly arising from construction delays due to inadequate funding from the insurer. However, this latter amount of lost rent was

not awarded, as it implicated a "Coverage Issue" not within the appraisal process.

Based on that award, the plaintiffs made a prior motion, which is not the subject of this appeal, for leave to increase the ad damnum clause of the complaint to $634,705.42, consisting of all the amounts the appraisers listed, including the $97,734 that was not actually awarded. The plaintiffs also moved for summary judgment in the latter amount. In an order dated April 2, 2008, the Supreme Court granted that branch of the plaintiffs' motion which was for leave to increase the ad damnum clause, but denied the remaining branch of the motion, concluding that "the cause of the alleged delays in the period of restoration remain in dispute and remain an issue of coverage, and were not the subject of the appraisal process."

Thereafter, Utica tendered an additional payment to the insured in the amount of roughly $147,000. By that time, in conjunction with earlier payments it had made (the one alleged in the complaint, and other payments in the intervening period), Utica allegedly had paid the insured a total of about $538,000. Taking the position that the policy limits had been exhausted, Utica made the instant motion, inter alia, for summary judgment dismissing the complaint. The plaintiffs opposed the motion, and purportedly cross-moved for summary judgment, contending for the first time that they were entitled to additional consequential damages, consisting of interest, an award of an attorney's fee, and fees for a public adjuster and appraiser, in the aggregate amount of some $299,000. However, they did not serve a notice of cross motion. Furthermore, these damages were not alleged in the complaint, even as amended. In the order now on appeal, the Supreme Court denied that branch of Utica's motion which was for summary judgment dismissing the complaint. It further noted that the plaintiffs' cross motion was procedurally improper, since they failed to serve a notice of cross motion, in accordance with CPLR 2215. In any event, the court found that the plaintiffs were not entitled to summary judgment as issues of fact existed. We modify.

Utica made a prima facie showing that it paid the plaintiffs all that is due, with the exception of the disputed amount of lost rent, which was not the subject of the appraisal award. The plaintiffs failed to raise a triable issue of fact in opposition to Utica's prima facie showing (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]) and, therefore, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint

insofar as it related to all of the causes of action with the exception of the cause of action alleging consequential damages consisting of loss of rent not allowed in the appraisal process conducted pursuant to Insurance Law § 3404.

With respect to the latter cause of action, Utica failed to make a prima facie showing that it was not responsible for the delay that purportedly gave rise to the subject loss of rental income. Indeed, it appears that Utica was responsible for at least some of the delay, based on its failure to designate a disinterested appraiser, as found by the Supreme Court in the order dated March 12, 2007, from which Utica took no appeal. Furthermore, Utica failed to make a prima facie showing that the disputed lost rent was a type of damage not within the contemplation of the parties when they executed the insurance policy containing coverage for loss of business income (*see Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.*, 10 NY3d 187, 191, 195 [2008]; *Panasia Estates, Inc. v Hudson Ins. Co.*, 10 NY3d 200, 202-203 [2008]). Accordingly, the Supreme Court properly denied that branch of Utica's motion which was for summary judgment dismissing the cause of action alleging consequential damages consisting of loss of rent not allowed in the appraisal process conducted pursuant to Insurance Law § 3404.

To the extent Utica argues that the plaintiffs are not entitled to the additional consequential damages they sought in their purported cross motion for summary judgment, the contention is not properly before us, as the purported cross motion was denied, and therefore Utica was not aggrieved by that portion of the Supreme Court's order (*see* CPLR 5511).

The parties' remaining contentions either need not be reached in light of our determination, or are without merit. Mastro, J.P., Miller, Austin and Roman, JJ., concur.