■ PATRICK O'KEEFE et al., Appellants, v ALLSTATE INSURANCE COMPANY et al., Respondents. [934 NYS2d 481]—

The Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the individual defendants, Mark Malenczak, David Mateer, and Freida Hicks (hereinafter collectively the individual defendants), all employees of the defendant Allstate Insurance Company (hereinafter the insurer), as they cannot, under the circumstances of this case, be held personally liable to the plaintiffs (*see Bardi v Farmers Fire Ins. Co.*, 260 AD2d 783, 787 [1999]; *Schunk v New York Cent. Mut. Fire Ins. Co.*, 237 AD2d 913, 915 [1997]; *Benatovich v Propis Agency*, 224 AD2d 998, 998-999 [1996]).

With respect to the complaint insofar as asserted against the insurer, the third cause of action sounds in fraud but relates directly to the breach of contract claims, in that it alleges that the insurer's actions were undertaken to avoid paying the plaintiffs the amounts specified in their insurance policy. Accordingly, the third cause of action cannot be sustained (*see Pepper v Hezghia*, 307 AD2d 959, 960 [2003]; *Schunk v New York Cent. Mut. Fire Ins. Co.*, 237 AD2d at 913-915; *F. Nathanson & Co. v Marinello*, 192 AD2d 575 [1993]; *Manshul Constr. Corp. v City of New York*, 143 AD2d 333, 336 [1988]).

Moreover, the Supreme Court properly granted that branch of the motion which was to dismiss so much of the complaint as sought an award of an attorney's fee against the insurer. An "insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy" (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 324 [1995]; *see Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 21 [1979]). Further, punitive damages are not warranted, as "[t]he insureds failed to set forth any facts or allegations to support their contention that the defendant insurer['s] conduct was egregious or fraudulent, or that it evidenced wanton dishonesty so as to imply a criminal indifference to civil obligations directed at the public generally. This case is, in effect, simply a private breach of contract dispute between the

insurer[ ] and [its] insureds with no greater implications" (*Flores-King v Encompass Ins. Co.*, 29 AD3d 627 [2006]; *see Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 615 [1994]).

The plaintiffs' remaining contentions are either without merit or improperly raised for the first time on appeal. Dillon, J.P., Eng, Hall and Austin, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32571(U).]**