■ STEIN, LLC, Appellant, v LAWYERS TITLE INSURANCE CORP., Respondent, et al., Defendant. [953 NYS2d 303]—

In an action, inter alia, to recover damages for breach of an insurance contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated August 31, 2010, as granted that branch of the motion of the defendant Lawyers Title Insurance Corp. which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss so much of the complaint as sought an award of an attorney's fee insofar as asserted against that defendant.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action, inter alia, to recover damages for breach of an insurance contract against the Lawyers Title Insurance Corp. (hereinafter Lawyers Title) and Legend Abstract Corp. The plaintiff sought, inter alia, an award of an attorney's fee.

Lawyers Title moved, inter alia, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it. The plaintiff appeals from so much of an order of the Supreme Court as granted that branch of Lawyers Title's motion which was to dismiss so much of the complaint as sought an award of an attorney's fee insofar as asserted against it.

The plaintiff argues that, in light of *Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.* (10 NY3d 187 [2008]), *Panasia Estates, Inc. v Hudson Ins. Co.* (10 NY3d 200 [2008]), and other cases, an insured may seek consequential damages, including the recoupment of an attorney's fee, in an action it commences against its insurer. "[C]onsequential damages resulting from a breach of the covenant of good faith and fair dealing may be asserted in an insurance contract context, so long as the damages were' "within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting" ' " (*Panasia Estates, Inc. v Hudson Ins. Co.*, 10 NY3d at 203, quoting *Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.*, 10 NY3d at 192, quoting *Kenford Co. v County of Erie*, 73 NY2d 312, 319 [1989] [some internal quotation marks omitted]). However, nothing in *Bi-Economy* or *Panasia* alters the common-

law rule that, absent a contractual or policy provision permitting the recovery of an attorney's fee, "[a]n insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy" (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 324 [1995]; *see O'Keefe v Allstate Ins. Co.*, 90 AD3d 725, 726 [2011]). Moreover, to the extent the plaintiff sought an award of an attorney's fee based on the terms of the title insurance policy, documentary evidence in the record, specifically, the title insurance policy itself, which contains no provision permitting the recovery of an attorney's fee (*see e.g. Ragins v Hospitals Ins. Co., Inc.*, 96 AD3d 819 [2012]), conclusively disposes of the plaintiff's claim.

The plaintiff's remaining contention regarding the award of an attorney's fee is without merit.

Accordingly, the Supreme Court properly granted that branch of Lawyers Title's motion which was to dismiss so much of the complaint as sought an award of an attorney's fee insofar as asserted against it. Florio, J.P., Dickerson, Sgroi and Miller, JJ., concur.