█ CHERIAN PANDARAKALAM, Respondent, v LIBERTY MUTUAL INSURANCE COMPANY, Appellant. [29 NYS3d 413]—

In an action, inter alia, to recover damages for breach of an insurance contract, the defendant appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Walker, J.), entered March 27, 2014, as denied those branches of its cross motion which were for summary judgment dismissing the causes of action to recover damages resulting from debris removal and consequential damages, and the plaintiff's claim for attorneys' fees.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's cross motion which was for summary judgment dismissing the plaintiff's claim for attorneys' fees, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs.

The plaintiff's house was damaged by a fire on April 7, 2010. The house was covered by a homeowners' insurance policy (hereinafter the policy) issued by the defendant, Liberty Mutual Insurance Company.

Following the plaintiff's filing of an insurance claim with the defendant, the defendant and the plaintiff were unable to agree on the amount of loss sustained by the plaintiff or the cost to repair the plaintiff's home. As a result, by letter dated July 6, 2010, the defendant invoked the appraisal provision of the insurance policy. The parties were subsequently unable to agree on an umpire (*see* Insurance Law § 3404) to resolve their

dispute, and the matter was not submitted to an umpire for determination of the amount of the plaintiff's loss until more than one year later. In April 2011, the defendant advised the plaintiff that it would no longer pay for any additional living expenses he incurred while his home was being repaired because the policy provided for the payment of such expenses for a maximum of 12 months.

The umpire ultimately determined the plaintiff's award on September 8, 2011. The defendant tendered additional payments to the plaintiff amounting to the full actual cash value of the umpire's award just over one month later.

The plaintiff thereafter commenced this action against the defendant alleging, inter alia, that the defendant breached the insurance policy by acting in bad faith in its handling of the plaintiff's claim. The complaint sought, among other things, damages for debris removal that the plaintiff incurred during the rebuilding of his house, as well as consequential damages for the plaintiff's additional living expenses. Following discovery, the plaintiff moved for summary judgment on the complaint, and also demanded that the defendant pay his attorneys' fees. The defendant opposed the plaintiff's motion, and cross-moved for summary judgment dismissing the complaint and the plaintiff's claim for attorneys' fees. The Supreme Court denied the motion and cross motion. The defendant appeals.

The defendant contends that the Supreme Court erred in denying that branch of its cross motion which was for summary judgment dismissing the plaintiff's sixth cause of action, which was for damages resulting from debris removal. Contrary to the defendant's contention, it failed to establish, prima facie, that the plaintiff's damages for debris removal were considered by the umpire or accounted for in the award. Accordingly, the Supreme Court properly denied that branch of the defendant's cross motion, regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The Supreme Court also properly denied that branch of the defendant's cross motion which was for summary judgment dismissing the plaintiff's first cause of action, which was for consequential damages for additional living expenses incurred by the plaintiff. "[C]onsequential damages resulting from a breach of the covenant of good faith and fair dealing may be asserted in an insurance contract context, so long as the damages were 'within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting' "

(*Panasia Estates, Inc. v Hudson Ins. Co.*, 10 NY3d 200, 203 [2008], quoting *Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.*, 10 NY3d 187, 192 [2008]; *see Mutual Assn. Adm'rs, Inc. v National Union Fire Ins. Co. of Pittsburgh, PA*, 118 AD3d 856, 857 [2014]; *Stein, LLC v Lawyers Tit. Ins. Corp.*, 100 AD3d 622 [2012]). A defendant insurer moving for summary judgment dismissing a claim for consequential damages must make a prima facie showing that the damages sought were "a type of damage not within the contemplation of the parties when they executed the insurance policy" (*30-40 E. Main St. Bayshore, Inc. v Republic Franklin Ins. Co.*, 74 AD3d 1330, 1333 [2010]). A defendant does not meet its burden of affirmatively establishing its prima facie entitlement to judgment as a matter of law "by merely pointing to gaps in the plaintiff's case; rather, it must affirmatively demonstrate the merit of its defense" (*Savekina v New York City Tr. Auth.*, 131 AD3d 1156, 1156 [2015]; *see Collado v Jiacono*, 126 AD3d 927, 928 [2015]). Here, the defendant failed to make a prima facie showing that the consequential damages sought by the plaintiff were "not within the contemplation of the parties when they executed the insurance policy" (*30-40 E. Main St. Bayshore, Inc. v Republic Franklin Ins. Co.*, 74 AD3d at 1333). Rather, the defendant argues only that the plaintiff failed to present evidence that consequential damages for additional living expenses were foreseeable and contemplated by the parties in support of his own motion for summary judgment.

However, we agree with the defendant that it was entitled to summary judgment dismissing the plaintiff's claim for attorneys' fees. "An insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy" (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 324 [1995]; *see U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3 NY3d 592, 597 [2004]; *Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 16 [1979]; *Sukup v State of New York*, 19 NY2d 519, 522 [1967]; *Santoro v GEICO*, 117 AD3d 1026, 1028 [2014]; *O'Keefe v Allstate Ins. Co.*, 90 AD3d 725, 726 [2011]). Rivera, J.P., Balkin, Cohen and Barros, JJ., concur.