# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**726**

**CA 15-01754**

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

ZELASKO CONSTRUCTION, INC.,
PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MERCHANTS MUTUAL INSURANCE COMPANY,
DEFENDANT-APPELLANT.

---

HURWITZ & FINE, P.C., BUFFALO (STEVEN E. PEIPER OF COUNSEL), FOR
DEFENDANT-APPELLANT.

PHILLIPS LYTLE LLP, BUFFALO (CRAIG R. BUCKI OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Penny M. Wolfgang, J.), entered December 12, 2014. The order, insofar as appealed from, awarded plaintiff attorneys' fees upon plaintiff's motion for summary judgment.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, plaintiff's motion is denied in part and that part of the complaint seeking to recover attorneys' fees incurred in prosecuting this action is dismissed.

Memorandum: Plaintiff insured commenced this action against defendant insurer seeking, inter alia, damages in the amount of $49,302.57 arising from defendant's breach of its payment obligations under the "physical damage" coverage provisions of a commercial auto insurance policy. Defendant appeals from an order granting plaintiff's motion for summary judgment on the complaint only insofar as Supreme Court awarded plaintiff the attorneys' fees it incurred in commencing and prosecuting this action.

The court erred in granting that part of the motion seeking attorneys' fees. This case is governed by the general rule that attorneys' fees and other litigation expenses are "incidents of litigation" that the prevailing party may not collect "from the loser unless an award is authorized by agreement between the parties or by statute or court rule" (*Matter of A.G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5; *see Mt. Vernon City Sch. Dist. v Nova Cas. Co.*, 19 NY3d 28, 39; *The Wharton Assoc., Inc. v Continental Indus. Capital LLC*, 137 AD3d 1753, 1755). Indeed, it is well established that "an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy" (*New York*

*Univ. v Continental Ins. Co.*, 87 NY2d 308, 324; *see U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3 NY3d 592, 597; *Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 16). Here, there is nothing in the insurance policy that obligates defendant to reimburse or indemnify plaintiff for attorneys' fees incurred by it in prosecuting an action to enforce the property coverage provisions of the policy, nor does plaintiff refer to any statute or a court rule authorizing its recovery of attorneys' fees from defendant.

The decisions of the Court of Appeals in *Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.* (10 NY3d 187, 192-193, *rearg denied* 10 NY3d 890) and *Panasia Estates, Inc. v Hudson Ins. Co.* (10 NY3d 200, 203), which concern an insured's entitlement under given circumstances to consequential damages for breach of an insurance policy, do not warrant a different result here (*see e.g. Pandarakalam v Liberty Mut. Ins. Co.*, 137 AD3d 1234, 1235-1236; *O'Keefe v Allstate Ins. Co.*, 90 AD3d 725, 726). There is no support in this record for plaintiff's allegation that the insurer breached its implied covenant of good faith and fair dealing by not investigating the claim before denying it, or that the insurer otherwise acted in bad faith toward plaintiff (*see Panasia Estates, Inc.*, 10 NY3d at 203; *see also Bi-Economy Mkt., Inc.*, 10 NY3d at 194-196). Nor is there any justification for a conclusion that the recovery of attorneys' fees by plaintiff was, at the time of formation of the contract, within the contemplation of the parties as an intended or foreseeable consequence of any breach (*see Bi-Economy Mkt., Inc.*, 10 NY3d at 192-193; *Panasia Estates, Inc.*, 10 NY3d at 203).

Finally, because there is no merit to the request for attorneys' fees, we search the record and grant defendant summary judgment dismissing that part of plaintiff's complaint (*see generally Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110).

Entered: September 30, 2016                    Frances E. Cafarell
                                               Clerk of the Court