Gray v Tri-State Consumer Ins. Co. (2018 NY Slip Op 00546)





Gray v Tri-State Consumer Ins. Co.


2018 NY Slip Op 00546


Decided on January 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2015-12445
 (Index No. 705510/13)

[*1]Michelle Gray, respondent, 
v
Tri-State Consumer Insurance Company, appellant.


Kaufman Dolowich & Voluck LLP, Woodbury, NY (Eric B. Stern of counsel), for appellant.
Greenblatt & Agulnick, P.C., Great Neck, NY (Scott E. Agulnick and Steven A. Kotchek of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a homeowner's insurance policy, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Gavrin, J.), entered December 16, 2015, as denied its motion for summary judgment dismissing the complaint and on its counterclaim to recover damages for breach of the concealment and fraud provision of the policy, and conditionally granted the plaintiff's cross motion pursuant to CPLR 3126 to strike its answer unless it served a "meaningful" response to the plaintiff's supplemental demand for discovery and inspection within a specified time.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof conditionally granting the plaintiff's cross motion pursuant to CPLR 3126 to strike the defendant's answer unless the defendant served a "meaningful" response to the plaintiff's supplemental demand for discovery and inspection within a specified time, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and a subsequent order of the same court entered July 28, 2016, granting the plaintiff's motion to strike the defendant's answer based upon the defendant's alleged failure to comply with the conditional order entered December 16, 2015, is vacated.
After her home was damaged by a fire, the plaintiff commenced this action, inter alia, to recover damages for breach of a homeowner's insurance policy. In its amended answer, the defendant insurance carrier asserted a counterclaim to recover damages for breach of the concealment and fraud provision of the policy, which stated that the defendant does not provide coverage for an insured who "[i]ntentionally concealed or misrepresented any material fact or circumstance," or "[e]ngaged in fraudulent conduct relating to this insurance." In the order appealed from, the Supreme Court, inter alia, denied the defendant's motion for summary judgment dismissing the complaint and on its counterclaim, and conditionally granted the plaintiff's cross motion pursuant to CPLR 3126 to strike the defendant's answer unless the defendant served a "meaningful" response to the plaintiff's supplemental demand for discovery and inspection within a specified time. The defendant appeals.
The Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint and on its counterclaim to recover damages for breach of the concealment and fraud provision of the policy. The evidence submitted by the defendant revealed the existence of triable issues of fact as to whether the defendant breached the subject insurance policy by failing to pay the claim within 60 days after it received proof of loss and reached an agreement with the plaintiff as to the amount of the loss (see 232 Broadway Corp. v Calvert Ins. Co., 149 AD2d 694, 695-696). Further, although the defendant established its prima facie entitlement to judgment as a matter of law on the issue of whether the plaintiff breached the concealment and fraud provision of the policy and thus vitiated the defendant's obligation to provide coverage, in opposition, the plaintiff raised a triable issue of fact as to whether she intentionally submitted an inaccurate proof of loss (see Walker v Tighe, 142 AD3d 549, 551; Christophersen v Allstate Ins. Co., 34 AD3d 515, 516; St. Irene Chrisovalantou Greek Orthodox Monastery v Cigna Ins. Co., 226 AD2d 624). Moreover, contrary to the defendant's contention, it was not entitled to partial summary judgment dismissing the request for consequential damages, as it failed to make a prima facie showing that the consequential damages sought by the plaintiff were not within the contemplation of the parties when they executed the insurance policy (see Pandarakalam v Liberty Mut. Ins. Co., 137 AD3d 1234, 1236; 30-40 E. Main St. Bayshore, Inc. v Republic Franklin Ins. Co., 74 AD3d 1330, 1333).
Since there are triable issues of fact as to whether the defendant breached the insurance policy, we decline the plaintiff's invitation to search the record and award her summary judgment on her breach of contract cause of action (see Cioffi v Target Corp., 114 AD3d 897, 899; Central Irrigation Supply v Putnam Country Club Associates, LLC, 27 AD3d 684, 685).
The Supreme Court improvidently exercised its discretion in conditionally granting the plaintiff's cross motion pursuant to CPLR 3126 to strike the defendant's answer unless the defendant served a "meaningful" response to the plaintiff's supplemental demand for discovery and inspection within a specified time. "The drastic remedy of striking an answer is inappropriate absent a clear showing that a defendant's failure to comply with discovery demands is willful and contumacious" (Lantigua v Goldstein, 149 AD3d 1057, 1059). Here, the defendant had already complied with the plaintiff's supplemental demand for discovery and inspection, except for items four and five of the demand. The defendant properly objected to items four and five, which called for information regarding the claims of other insureds, as those items sought information that was not necessary and proper to the prosecution of this action (see Diaz v City of New York, 140 AD3d 826, 827; Cabrera v Allstate Indem. Co., 288 AD2d 415, 416).
HALL, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court