■ SALVATORE MAURICE et al., Respondents, v ALLSTATE INSURANCE COMPANY, Appellant.—In an action, *inter alia,* to recover damages with respect to a claim under an insurance policy, the defendant appeals from so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), dated August 14, 1989, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

The plaintiffs insured their home through the defendant Allstate Insurance Company (hereafter Allstate). While the policy was in effect, the plaintiffs' home was burglarized, and the plaintiffs submitted a claim to Allstate. Allstate learned from the police that there were no signs of forced entry into the plaintiffs' premises. As part of its investigation of the plaintiffs' claim, Allstate requested, among other things, that the plaintiffs appear to answer questions under oath. The plaintiff Salvatore Maurice appeared for examination under oath and answered questions propounded by Allstate's counsel. The examination was not completed, however, and a continuation was scheduled. At that time, the plaintiff Salvatore Maurice appeared with an attorney who instructed him not to answer most of the questions asked by Allstate's counsel. The plaintiffs' claim was thereafter denied on the ground that the plaintiff Salvatore Maurice refused to answer questions at the examination under oath. The plaintiffs then commenced this action, seeking, among other things, to recover under the policy.

Both sides moved for summary judgment, which the Supreme Court denied, finding that there were questions of fact precluding such relief. We disagree.

The plaintiffs' argument that they never received a copy of the insurance policy containing the provision requiring them to submit to an examination under oath, does not, in this case, create a triable issue of fact. "Neither delivery nor actual possession by the insured is essential to the completion of a contract of insurance" (68 NY Jur 2d, Insurance, § 652, at 755). Moreover, the plaintiff Salvatore Maurice admitted at

both examinations under oath that he understood that, pursuant to the terms of his insurance contract, he was required to participate in the examination.

"The law is well settled that the failure to comply with a policy provision requiring submission to an examination under oath, as often as may reasonably be required, is a material breach and will preclude an action to recover on the contract" *(Catalogue Serv. v Insurance Co.,* 74 AD2d 837; *see also, 2423 Mermaid Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 142 AD2d 124, 130). Moreover, it was entirely proper for Allstate to question the plaintiff Salvatore Maurice regarding the plaintiffs' financial position *(see, e.g., Averbuch v Home Ins. Co.,* 114 AD2d 827; *2423 Mermaid Realty Corp. v New York Prop. Ins. Underwriting Assn., supra).* Here, where there were suspicious circumstances surrounding the burglary of the plaintiffs' home, the plaintiffs' possible motive in arranging the burglary renders their financial situation material and relevant. Because the plaintiff Salvatore Maurice refused to answer material and relevant questions at the examination under oath, he materially breached a substantial condition of the insurance policy. Thus, Allstate is entitled to summary judgment dismissing the plaintiffs' complaint *(see, Pizzirusso v Allstate Ins. Co.,* 143 AD2d 340; *Averbuch v Home Ins. Co., supra; Bulzomi v New York Cent. Mut. Fire Ins. Co.,* 92 AD2d 878). Thompson, J. P., Brown, Kunzeman and Harwood, JJ., concur.