■ In the Matter of the Arbitration between METROPOLITAN PROPERTY AND LIABILITY INSURANCE COMPANY, Respondent, and MARIAN E. TRAPHAGEN, Appellant. [606 NYS2d 62] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), entered March 3, 1993 in Tompkins County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

Petitioner commenced this proceeding to stay arbitration demanded by respondent seeking a determination that petitioner was liable under the underinsured motorist endorsement on an insurance policy it had issued covering respondent's vehicle. Respondent was injured when the car owned by her husband, which she was driving, was struck by another vehicle (hereinafter the offending vehicle) on February 2, 1989. The liability coverage limits on respondent's policy were $50,000 for each accident plus underinsured motorist coverage of $10,000 for each person and $20,000 for each accident. The liability coverage limit on the offending vehicle was $50,000 per person for bodily injuries. Respondent settled her damage claim against the offending vehicle for the entire policy limit of $50,000. Respondent, however, claimed bodily injury damages totaling over $60,000 and filed a claim against petitioner for the excess.

Supreme Court granted petitioner's application for a permanent stay of arbitration, holding that the issue of the availability of underinsurance coverage is a threshold question to be judicially resolved by motion to stay arbitration or by a declaratory judgment action and, further, that petitioner's underinsurance coverage was not applicable where, as here, the offending vehicle coverage is equal to but not less than the bodily injury liability limit.

There should be an affirmance. The rule expressed by Supreme Court is well settled (see, Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 953; Matter of Commercial Union Ins. Co. [Raymond], 172 AD2d 988, 989; see also, Insurance Law § 3420 [f] [2]). Respondent's argument that the rule is not applicable in this case, because the only document issued to her containing the terms of her policy coverage was a writing entitled "Declarations" which did not contain any language as to when the policy's underinsurance coverage is payable and she is not bound by statements made in other documents including statements in the "Policy Jacket", is rejected. The face of the Declarations document contains the statement that it "together with [the] policy jacket provisions, completes the

above numbered policy". This incorporates the Policy Jacket provisions by reference and delivery of the Policy Jacket is not necessary to complete the otherwise sufficient insurance policy *(see, Galaska v State Farm Mut. Auto. Ins. Co.,* 177 AD2d 947, 948).

Moreover, Insurance Law § 3420 (f) (2) controls here. Insurance Law § 3420 (f) requires that any provisions contained in a policy issued in accordance with the statute shall be construed "as if the provisions of the statute were embodied therein" *(Passaro v Metropolitan Prop. & Liab. Ins. Co.,* 128 Misc 2d 21, 23, *affd* 124 AD2d 647). Thus, Insurance Law § 3420 (f) (2), providing that underinsurance coverage is available only where the offending vehicle has less insurance than the policyholder, is, by law, incorporated into the contract of insurance issued here.

Finally, we find no merit in respondent's claim that the issue of the applicability of the underinsurance coverage to her claim should have been determined in arbitration under the provision in the (once inapplicable) Policy Jacket stating such right. Case law holds to the contrary *(see, Federal Ins. Co. v Watnick,* 80 NY2d 539, 548; *Maurizzio v Lumbermens Mut. Ins. Co.,* 73 NY2d 951, 954, *supra).*

Yesawich Jr., Crew III, White and Mahoney, JJ., concur. Ordered that the judgment is affirmed, with costs.