■ SHELDON B. BENATOVICH, Respondent, v PROPIS AGENCY, INC., et al., Appellants, and ADEMA HEATING & AIR CONDITIONING, INC., Respondent. [637 NYS2d 551] —Order unanimously reversed on the law without costs, motions granted and complaint dismissed. Memorandum: Plaintiff was insured under a homeowner's policy issued by defendant Travelers and procured through defendant Propis Agency. In May 1991, plaintiff made a claim for property damage and loss of use resulting from the allegedly negligent installation of a central air conditioning system by defendant Adema. Travelers initially covered the loss by paying for two clean-ups and hotel stays for plaintiff and his family. Plaintiff commenced this action in May 1994, approximately three years after the loss. As against Propis and Travelers, plaintiff seeks to recover for damages allegedly not rectified by the clean-ups or further caused as a result of the clean-ups.

Propis and Travelers appeal from an order that denied their respective motions to dismiss plaintiff's complaint as untimely. Supreme Court should have granted those motions based upon plaintiff's failure to commence the action within the two-year limitations period of the policy *(see, Galligan v Royal Globe Ins. Co.,* 119 AD2d 987; *Van Hoesen v Pennsylvania Millers Mut. Ins. Co.,* 86 AD2d 733). Plaintiff contends that he never received the policy and thus never agreed to the two-year limitations period. "That argument is devoid of merit because plaintiff['s] entire claim is premised on the existence of that policy" *(Galaska v State Farm Mut. Auto. Ins. Co.,* 177 AD2d 947, 948; *see, Maurice v Allstate Ins. Co.,* 173 AD2d 793). " 'Neither delivery nor actual possession by the insured is essential to the completion of a contract of insurance' " *(Maurice v Allstate Ins. Co., supra,* at 793, quoting 68 NY Jur 2d, Insurance, § 652, at 755; *see, Matter of Metropolitan Prop. & Liab. Ins. Co. [Traphagen],* 199 AD2d 915, 916). Additionally, the court should have granted Propis' motion for summary judgment on the ground that Propis acted as the agent of a disclosed principal, Travelers, and thus cannot be held liable for Travelers' alleged breach of the policy *(see, Van Hoesen v Pennsylvania Millers Mut. Ins. Co., supra,* at 733, citing *Savoy Record Co. v Cardinal*

*Export Corp.,* 15 NY2d 1 and *Unger v Travel Arrangements,* 25 AD2d 40, 47; *see generally,* 3 NY Jur 2d, Agency and Independent Contractors, § 276).

With respect to the contention of defendant Adema, we note that, because of the dismissal of the complaint against Travelers, Adema's cross claim against Travelers must be converted to a third-party complaint. (Appeals from Order of Supreme Court, Erie County, Gorski, J.—Dismiss Complaint.) Present— Denman, P. J., Green, Wesley, Balio and Boehm, JJ.