JAMES M. SCHUNK et al., Respondents, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY et al., Appellants. [655 NYS2d 210] —Order unanimously reversed on the law without costs, motion and cross motion granted and complaint dismissed. Memorandum: On January 29, 1992, plaintiffs' barn and its contents were destroyed by fire. The barn and its contents were insured by defendant New York Central Mutual Fire Insurance Company (New York Central) under a policy providing coverage of $10,200 on the barn and $71,400 on the contents. Defendant Allied Claims Services (Allied) was retained by New York Central to adjust plaintiffs' claim. After receiving timely sworn proofs of loss, New York Central paid plaintiffs $10,200 on the structure claim, $700 on a boat parts claim and $1,500 on a boat motor claim. Thereafter, Allied made various offers of settlement on plaintiffs' contents claim, none of which was accepted. On June 9, 1993, Allied sent a certified letter to plaintiffs requesting that the enclosed proof of loss forms on the contents claim be completed, signed, sworn to and returned within 60 days. Allied sent a copy of that letter to plaintiffs' attorney. A separate letter reiterating New York Central's demand that a sworn proof of loss be submitted by plaintiffs was hand-delivered to plaintiffs' attorney on June 10, 1993. No proofs of loss were ever received by New York Central, and on October 6, 1993, New York Central sent plaintiffs a letter denying their contents claim on the grounds that plaintiffs had failed to submit proofs of loss and had committed fraud by grossly exaggerating the extent and value of the contents destroyed in the fire.

On April 28, 1995, plaintiffs commenced this action alleging breach of the insurance contract against New York Central and violation of General Business Law § 349, fraud, breach of the implied covenant of good faith and fair dealing, and defamation against both defendants. Only Allied interposed an answer. New York Central moved to dismiss the complaint on the grounds that plaintiffs had failed to submit timely proofs of loss and all of the causes of action in the complaint were barred by the limitations period in the policy. Allied cross-moved for summary judgment on the same grounds and, *inter*

*alia,* on the further ground that Allied was a "disclosed agent" and thus had no contractual liability to plaintiffs. Supreme Court denied both motions. We reverse.

The failure of plaintiffs to provide timely proofs of loss on their contents claim is a complete defense to the breach of contract cause of action against New York Central. "When an insurer gives its insured written notice of its desire that proof of loss under a policy of fire insurance be furnished and provides a suitable form for such proof, failure of the insured to file proof of loss within 60 days after receipt of such notice, or within any longer period specified in the notice, is an absolute defense to an action on the policy, absent waiver of the requirement by the insurer or conduct on its part estopping its assertion of the defense" (*Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 63 NY2d 201, 209-210). Plaintiffs concede that they failed to provide sworn proofs of loss within 60 days of New York Central's demand, but contend that there is a triable issue of fact whether New York Central waived its right to require sworn proofs of loss. There is no support in the record for that contention. New York Central's intent to require proofs of loss is established by Allied's letters of June 9th and 10th demanding that they be furnished (*see, Scifo v New York Prop. Ins. Underwriting Assn.,* 170 AD2d 256, *lv denied* 78 NY2d 856; *cf., Glazer v Home Ins. Co.,* 190 NY 6, 10-11).

The breach of contract cause of action is also barred by the provision in the policy requiring that an action be commenced within two years after the date of the loss. Such limitations periods are enforceable (*see, Blitman Constr. Corp. v Insurance Co.,* 66 NY2d 820, 822; *Kassner & Co. v City of New York,* 46 NY2d 544, 551). The contention of plaintiffs that New York Central waived the limitations period by failing to provide a complete copy of the policy when the policy was renewed "is devoid of merit because plaintiffs' entire claim is premised on the existence of that policy" (*Galaska v State Farm Mut. Auto. Ins. Co.,* 177 AD2d 947, 948). Further, there is no question that plaintiffs received an updated copy of the policy containing the two-year limitations provision when the policy was renewed on September 7, 1991, prior to the fire. The fact that plaintiffs may not have read the limitations provision is of no moment; New York Central was not obligated to call plaintiffs' attention to it (*see, Blitman Constr. Corp. v Insurance Co., supra,* at 823; *see also, Maurice v Allstate Ins. Co.,* 173 AD2d 793). The further contention of plaintiffs that the conduct of New York Central estops it from asserting the contractual limitations pe-

riod is without merit. There is no evidence in the record to support an estoppel (*see, Warhoftig v Allstate Ins. Co.*, 199 AD2d 258). Finally, the failure of New York Central to comply with 11 NYCRR 216.6 (c), which requires notice of a policy provision limiting the right to sue, in rejecting plaintiffs' contents claim, "without more, is not sufficient to estop [it] from relying upon the limitations period in the policy" (*May v Aetna Life & Cas. Co.*, 204 AD2d 1007).

Because the limitations period had expired, the cause of action based upon breach of the implied covenant of good faith and fair dealing is similarly time-barred. Further, as the agent of a disclosed principal, Allied cannot be held liable for New York Central's alleged breach (*see, Benatovich v Propis Agency*, 224 AD2d 998).

The fraud cause of action arises out of the same facts that serve as the basis of the breach of contract cause of action and may not be independently asserted (*see, Eastman Kodak Co. v Roopak Enters.*, 202 AD2d 220, 222; *Kamyr, Inc. v Combustion Eng'g*, 198 AD2d 44, *lv denied* 83 NY2d 751; *Locascio v Aquavella*, 185 AD2d 689). Plaintiffs have also failed to state a defamation cause of action (*see generally*, 44 NY Jur 2d, Defamation and Privacy, § 242). Finally, the cause of action based upon General Business Law § 349 has no evidentiary support in the record. "Private contract disputes, unique to the parties * * * would not fall within the ambit of [General Business Law § 349]" (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25; *see, Graham v Eagle Distrib. Co.*, 224 AD2d 921, *lv dismissed* 88 NY2d 962). (Appeals from Order of Supreme Court, Erie County, Glownia, J.—Dismiss Complaint.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.