■ RICHARD BARDI et al., Respondents-Appellants, v FARMERS FIRE INSURANCE COMPANY et al., Appellants-Respondents, and MARK R. SONDERS, Respondent. [687 NYS2d 768] —Mercure, J. Appeals (1) from an order of the Supreme Court (Dier, J.), entered January 3, 1998 in Warren County, which, *inter alia*, denied certain defendants' motions for summary judgment dismissing the complaint, and (2) from that part of a supplemental order of said court, entered January 29, 1998 in Warren County, which granted defendant Mark R. Sonders' motion for summary judgment dismissing the complaint against him.

Plaintiffs' home was destroyed by a May 15, 1994 fire. The loss was covered under an insurance policy issued by defendant Farmers Fire Insurance Company. The policy provided "replacement cost" coverage with respect to both the dwelling and plaintiffs' personal property, requiring Farmers to pay the full replacement cost of the loss, without deduction for depreciation, but not exceeding (as relevant here) the applicable limit of liability under the policy. The policy's declarations page indicated that the limits of liability were $130,000 for dwelling loss and $91,000 for personal property loss. Unwilling to accept the applicability of the $130,000 limit of liability, on June 17, 1994, plaintiff Richard Bardi (hereinafter plaintiff) submitted a proof of loss claiming $187,040.78 for damage to the dwelling. On June 29, 1994, Farmers' vice-president of claims, defendant Jack F. Pepo, rejected the proof of loss based upon the fact that Farmers' limit of liability was $130,000. On August 12, 1994, Farmers tendered four checks to plaintiff, including one for $130,000, representing the policy limit for coverage on the dwelling. The checks were hand delivered to plaintiff, together with a cover letter containing the following language: "You are free to negotiate these drafts at any time. Please be advised that the negotiation or cashing of these drafts will not operate as a waiver of any additional claims you may have under the above-referenced policy. Moreover, payments are being made as to those elements of your claim which are

not in dispute notwithstanding the existence of disputes as to other elements of the claim which are not being paid." Citing to the statement on the back of the drafts that "[e]ndorsement of this draft constitutes a receipt and release in full for the account shown on the face", plaintiff refused to negotiate the $130,000 check. Plaintiff similarly refused Farmers' August 2, 1995 tender of $52,304.49, constituting the balance of the $91,000 policy limit for damage to personal property, and in September 1995 he submitted a proof of loss claiming entitlement to $168,354.30 for damage to contents.

In May 1996, plaintiffs commenced this action asserting various damage theories against essentially every person who had ever been involved in the issuance of the subject policy to plaintiffs and in the adjustment of the fire loss claim. Named as defendants were Farmers, Pepo, defendant David M. Small, Farmers' president, and defendant Mark R. Sonders, an attorney with the law firm engaged to assist Farmers in its dispute with plaintiffs. Also named were defendant G. John Potter, Jr., the insurance agent who issued the subject policy to plaintiffs, and his insurance agency, defendant Community Insurance Agencies, Inc. Finally, plaintiffs included as defendants Crawford and Company, the adjusting agency engaged to assist in ascertaining and adjusting the damage to plaintiffs' property, and its employees, defendants Walter K. Quillinan, Jr. and Susan Stark (hereinafter collectively referred to as the adjusters). In October 1996, Farmers made a tender pursuant to CPLR 3219 of $130,000 on the claim for damage to the dwelling and the $52,304.49 balance of the policy limit for damage to personal property. Plaintiffs did not accept the tender within the 10-day period set forth in CPLR 3219.

Following joinder of issue, plaintiffs moved for partial summary judgment, seeking recovery of the "undisputed" portion of their claim for loss of the dwelling ($130,000) and their claim for loss of personal property ($52,304.49), plus interest from July 17, 1994 and October 14, 1995, respectively. In response, Farmers, Small, Pepo and Sonders moved for summary judgment dismissing the complaint against them upon the ground that Farmers made an unrestricted tender of the full amount due under the policy on August 12, 1994 and August 2, 1995. Potter and Community moved for summary judgment dismissing the complaint upon the grounds that any claim against them was untimely and that they breached no duty in favor of plaintiffs in any event. Finally, the adjusters moved for summary judgment upon the ground that they acted at all relevant times as Farmers' agents and had no discretion in the handling of plaintiffs' claim.

Supreme Court awarded plaintiffs partial summary judgment on the undisputed amount of their claim and, reasoning that Farmers' prior tender "was a conditional offer and does not halt the running of interest on that amount", on the claim for interest as well. Supreme Court denied the motions by Farmers, Potter, Community and the adjusters, finding sufficient "triable issues of fact". Finally, in a "supplemental order", Supreme Court denied the motion by Small and Pepo but granted Sonders' motion and dismissed the complaint against him. Defendants appeal from Supreme Court's first order and plaintiffs appeal from the supplemental order.

Initially, we agree with defendants' contention that, under the clear and unambiguous terms of the subject insurance policy, plaintiffs could recover no more than the applicable policy limits for damage to their dwelling and their personal property (*see, Harrington v Amica Mut. Ins. Co.*, 223 AD2d 222, *lv denied* 89 NY2d 808; *see also, Snapp v State Farm Fire & Cas. Co.*, 206 Cal App 2d 827, 834, 24 Cal Rptr 44, 48; *Bingham v St. Paul Ins. Co.*, 503 So 2d 1043, 1045 [La]; *McCahill v Commercial Union Ins. Co.*, 179 Mich App 761, 775-776, 446 NW2d 579, 585-586). Under section I of the policy, entitled "Conditions", the replacement cost coverage for the dwelling (Coverage A), as relevant to plaintiffs' loss, is expressed in the following terms:

"3. Loss Settlement. Covered property losses are settled as follows: * * *

"c. Buildings under Coverage A or B at replacement cost without deduction for depreciation, subject to the following:

"(1) If at the time of loss the amount of insurance in this policy on the damaged building is 80% or more of the full replacement cost of the building immediately prior to the loss, we will pay the cost of repair or replacement, without deduction for depreciation, *but not exceeding the smallest of the following amounts:*

"(a) *the limit of liability under this policy applying to the building*" (emphasis supplied).
Similarly, the policy's "Plus 5" endorsement makes the following provision with regard to personal property (Coverage C):

"2. REPLACEMENT COST

"a. We will not pay more than *the smallest of* the following amounts:

"1. Replacement cost at time of loss without deduction for depreciation; * * *

"4. *the limit of liability applying to Coverage C*" (emphasis supplied).

In our view, plaintiffs' efforts to establish their entitlement to coverage in excess of that set forth in the policy have no basis in law or fact. We conclude that neither the terms of plaintiffs' prior policies, their existing policy's "inflation guard" endorsement, a brochure stating that "[y]our residence [is] covered for replacement cost when insured for 80% of replacement value", nor Farmers' and Potter's claimed knowledge that plaintiffs had wanted to assure themselves of full replacement-cost coverage suffice to create a genuine factual issue. To the contrary, the clear language of the policy and well-settled principle that "[i]f the insured obtained or held a mistaken view or belief concerning the agreements of the policy, the fault or negligence of [the insured] was the cause" (*Metzger v Aetna Ins. Co.*, 227 NY 411, 415; *see, Madhvani v Sheehan*, 234 AD2d 652; *Ogdensburg Bldg. Supply v Lumber Mut. Ins. Co.*, 102 AD2d 960, 961) warrant judgment in favor of defendants as a matter of law. Notably, although much of plaintiffs' argument is predicated upon the assumption that their earlier policies provided limitless replacement-cost coverage, our review of the record shows plaintiffs to be in error. Under plaintiffs' prior policies, recovery was limited to the applicable face amount, as in the current policy. Accordingly, the essential terms of plaintiffs' policy did not change in 1981, and neither Farmers nor its agents can be faulted for any failure to disclose.

Next, we conclude that Supreme Court erred in its grant of interest in favor of plaintiffs based upon Farmers' purported breach of its obligation to make payment within 30 days following the filing of proofs of loss. Although Farmers tendered checks equaling the policy limits for damage to the dwelling and personal property by August 12, 1994 and August 2, 1995, respectively, it is plaintiffs' position that these tenders did not satisfy Farmers' contractual obligation because the checks could not be negotiated without plaintiffs' endorsement of the release on the back of them. We disagree. Notably, an endorsement containing "receipt in full" language does not operate as a waiver or provide conclusive evidence that no additional amounts are due (*Komp v Raymond*, 175 NY 102). To the contrary, in order for such an endorsement to operate as a binding release, the party to be charged must have been clearly informed that acceptance of payment would have that result (*see, Ralli v Tavern on the Green*, 566 F Supp 329, 332; *Merrill Lynch Realty / Carll Burr v Skinner*, 63 NY2d 590, 596-597). That test cannot be met here, where the checks were accompanied by a letter advising plaintiffs that "negotiation or cashing of these drafts will not operate as a waiver of any ad-

ditional claims". Furthermore, plaintiffs are in error in their contention that the letter constitutes parol evidence which cannot be used to vary the terms of the language of the endorsement. A "receipt in full" endorsement is not a contract and there is thus no reason why it cannot be explained or even contradicted by parol evidence (*see, Komp v Raymond, supra*).

The remaining issues raised on the various motions warrant little discussion. As agents of a disclosed principal whose actions were undertaken at the direction of the insurer, the adjusters cannot be held personally responsible to plaintiffs (*see, Schunk v New York Cent. Mut. Fire Ins. Co.*, 237 AD2d 913, 915; *Benatovich v Propis Agency*, 224 AD2d 998) and all causes of action shall be dismissed against them. Further, there being no evidence of fraud, malice or other tortious act, no action may be maintained against Sonders, who was at all times acting in his capacity as attorney for Farmers (*see, Crandall v Bernard, Overton & Russell*, 133 AD2d 878, *lv dismissed and denied* 70 NY2d 940; *Gifford v Harley*, 62 AD2d 5). In addition, the record is devoid of evidence to support the causes of action against Farmers, Pepo and Small alleging fraudulent misrepresentation, intentional infliction of emotional distress or conspiracy and there is no basis for an award of punitive damages. Plaintiffs' remaining claims have been considered and found to be lacking in merit.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order entered January 3, 1998 is modified, on the law, with one bill of costs to defendants, by reversing so much thereof as awarded plaintiffs partial summary judgment on their claim for interest against defendant Farmers Fire Insurance Company, denied the motion of defendants Farmers Fire Insurance Company, David M. Small, Jack F. Pepo and Mark R. Sonders for partial summary judgment dismissing all causes of action against them except plaintiffs' claim against defendant Farmers Fire Insurance Company for $130,000 for damage to their dwelling and $52,304.49 for damage to their personal property, denied the motion of defendants G. John Potter, Jr. and Community Insurance Agencies, Inc. for summary judgment dismissing the complaint against them, and denied the motion of defendants Susan Stark, Walter K. Quillinan, Jr. and Crawford and Company dismissing the complaint against them; said motions granted in favor of said defendants; and, as so modified, affirmed. Ordered that the appeal from the supplemental order entered January 29, 1998 is dismissed, as academic.