OPINION OF THE COURT
Dennis F. Bender, J.
The plaintiff in this case alleges a bad faith claim against Security Mutual Insurance Company. Also named as a defendant is Thomas Brace, an adjuster for the company, who now moves for dismissal of all causes of action against him.
*245 Defendant Brace quite correctly argues that all allegations made against him involved his actions as an agent and employee of Security Mutual Insurance Company. It follows, he argues, that he cannot be held individually liable for any wrongdoing. Not true, says the plaintiff, arguing that aside from the company’s liability for Brace’s actions as its agent, Brace’s behavior in and of itself constitutes a distinct tort. He, it is alleged, was “negligent, grossly negligent, and acted with willful disregard to the rights of the plaintiff’ (complaint at 88), for all or any of which the plaintiff alleges he can be held individually accountable.
There appears to be little to no case law on this issue. While Brace’s memorandum cites several cases for the proposition that an employee may not be held liable for negligence when the employee is acting within the scope of his employment, the plaintiff quite rightly observed those cases do not so hold. The plaintiff on the other hand offers no case law to support her contention. She analogizes rather to the individual liability of an employee-driver who negligently causes an accident while driving a vehicle in the scope of his employment. This court does not find the analogy persuasive. All drivers have an independent duty to all other motorists to drive carefully and prudently. Here, the duty was solely to the insured and existed solely because of the contract. A claim based upon bad faith does not state a separate cause of action but derives solely from the contract (see, New York Univ. v Continental Ins. Co., 87 NY2d 308 [1995]; Pavia v State Farm Mut. Auto. Ins. Co., 82 NY2d 445 [1993]). Because there was no contractual relationship between Brace and the insured, it follows that the absence of any other independent duty by Brace to the insured precludes an action against Brace individually. The action against him is dismissed.