██ MATTHEW J. RYAN et al., Respondents, v PREFERRED MUTUAL INSURANCE COMPANY et al., Defendants, and H.R. TALMON CLAIM ASSOCIATES, Appellant. [834 NYS2d 338]—

Crew III, J.P. Appeal from that part of an order of the Supreme Court (Ceresia, Jr., J.), entered July 26, 2006 in Rensselaer County, which partially denied the motion of defendant H.R. Talmon Claim Associates to dismiss the complaint against it.

In January 2004, plaintiffs contacted defendant William J. Fagan & Sons, Inc., an insurance broker, to procure a homeowner's insurance policy for their residence in the Town of Cropseyville, Rensselaer County. Fagan, in turn, obtained a policy from defendant Preferred Mutual Insurance Company (hereinafter the insurer) covering the period from February 2, 2004 to February 2, 2005. Thereafter, in April 2004, the radiant heating system in plaintiffs' home malfunctioned, allegedly resulting in substantial damage to the property. Plaintiffs provided notice of the loss to Fagan, which, in turn, notified the insurer.

In response thereto, the insurer sent an engineer and, ultimately, defendant H.R. Talmon Claim Associates, an insurance claims adjuster, to inspect the property and assess the damage to plaintiffs' home. Following such inspection, Talmon purportedly assured plaintiffs that the insurer would cover the loss and provide full compensation for all damages related thereto provided that plaintiffs replace their defective radiant heating system with a similarly expensive system. According to plaintiffs, Talmon further encouraged them to proceed with the replacement of the heating system and the other related repairs to their home before Talmon submitted a formal claim to the insurer. As a result, plaintiffs undertook such work at their own expense believing that reimbursement by the insurer would be forthcoming. After the heating system had been replaced and the necessary repairs completed, the insurer informed plaintiffs that the damages sought were subject to a policy exclusion and, therefore, they would not be reimbursed for the costs and expenses they incurred.

Plaintiffs thereafter commenced this action against Fagan, Talmon and the insurer alleging fraud, negligence and negligent misrepresentation. Following joinder of issue by Fagan and the insurer, Talmon moved to dismiss the complaint for failure to state a cause of action. Supreme Court granted the motion in part, dismissing plaintiffs' claims sounding in negligence and fraud, but denied the motion as to plaintiffs' claim for negligent misrepresentation. Talmon now appeals contending that Supreme Court erred in failing to dismiss the complaint against it in its entirety.

We affirm. As a general rule, an insurance adjuster, acting as an agent of a disclosed principal and whose actions were undertaken at the behest and direction of the insurer, cannot be held personally liable to an injured plaintiff (*see Bardi v Farmers Fire Ins. Co.*, 260 AD2d 783, 787 [1999], *lv denied* 93 NY2d 815 [1999]). However, as Supreme Court aptly observed, recovery may be had for a "pecuniary loss sustained as a result of another's negligent misrepresentations [if] . . . there was either actual privity of contract between the parties or a relationship so close as to approach that of privity" (*Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377, 382 [1992]). "Therefore, before liability may attach, the evidence must demonstrate '(1) an awareness by the maker of the statement that it is to be used for a particular purpose; (2) reliance by a known party on the statement in furtherance of that purpose; and (3) some conduct by the maker of the statement linking it to the relying party and evincing its understanding of

that reliance' " (*Parrott v Coopers & Lybrand*, 95 NY2d 479, 484 [2000], quoting *Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood, supra* at 384).

Applying these principles to the matter before us and accepting, as we must on a motion to dismiss pursuant to CPLR 3211 (a) (7), the facts alleged in plaintiffs' complaint as true (*see Griffin v Anslow*, 17 AD3d 889, 891 [2005]), it is readily apparent that plaintiffs have established the existence of a relationship with Talmon approaching that of privity. As previously discussed, plaintiffs have alleged/averred that they relied upon Talmon's expertise in recommending not only that their heating system be replaced, but that it be replaced with an equally expensive model, notwithstanding the availability of a less expensive system, in representing that the costs associated therewith would be fully covered by the insurer and, finally, in proceeding with such replacement and the corresponding repairs prior to the submission of a formal claim to the insurer. From such allegations, it may reasonably be inferred that Talmon was aware that plaintiffs would use such representations "for a particular purpose" and would rely upon them in proceeding with the recommended course of action. Accordingly, we agree with Supreme Court that the requisite three-part test was met and, therefore, Talmon's motion to dismiss plaintiffs' cause of action for negligent misrepresentation was properly denied.

Peters, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.