OPINION OF THE COURT
Scott Fairgrieve, J.
Background
M.V.B. Collision Inc., doing business as Mid Island Collision, as assignee of Luanne Dresher, as assignee of Joseph Dargenio and as assignee of Charles Cardile, has commenced an action against Allstate Insurance Company, Kaysha Cordero, Philip Podberesky, John Pluchino, and Norman Wong, by the verified complaint, dated October 31, 2016.
Plaintiff in this action is the assignee of seven causes of action concerning property damage to automobiles insured by Allstate.
The defendants are Allstate and four insurance adjusters who are employed by Allstate. The insurance adjusters allegedly negligently adjusted the amount of estimates for the automobiles.
The defendants now move for an order pursuant to CPLR 3211 (a) (3) and (7) dismissing, with prejudice, the first, fourth, fifth, sixth, and seventh causes of action, as well as the claims for punitive damages. Defendants also seek an order of severance pursuant to CPLR 603, severing the second and third cause of action and an order for sanctions.
*240 Verified. Complaint
The first cause of action is based upon breach of contract as to Luanne Dresher, who owned a 2016 Mercedes Benz C300, to which extensive repairs were made by plaintiff, at the claimed cost of $7,250.50. The said Mercedes was involved in an accident with Allstate’s insured Marilyn Mandel, on July 7, 2016. It is alleged that Allstate had three separate adjusters who wrote an estimate in the amount of $697.45, and supplemental estimates in the amounts of $1,637.45, $588.36 and $1,152.06.
Plaintiff states that Allstate issued a policy of insurance to its insured Marilyn Mandel, which provided coverage to third-party claimants such as Luanne Dresher (intended beneficiary). The policy provided coverage as set forth in paragraph 53 of the verified complaint, as follows:
“That the policy of insurance issued to Defendant ALLSTATE’s insured, Marilyn Mandel, provided coverage to third-party claimants, including Plaintiff’s subrogor, Luanne Dresher, under Tart V— Protection Against Loss of the Auto: Auto Collision Insurance—Coverage DD’, as follows:
“ £We will pay for direct and accidental loss to your insured auto or a non-owned auto (including loss to an attached trailer) from a collision with another object or by upset of that auto or trailer.’ ”
It is alleged that Allstate breached its contractual obligations under said policy by failing to pay the full amount due under said policy to Luanne Dresher who assigned her claim to plaintiff:
“That in failing to pay the full cost of the repairs to LUANNE DRESHER’S motor vehicle, Defendant, ALLSTATE INSURANCE COMPANY, acted in breach of the aforementioned physical damage collision coverage provision of the insurance policy purchased by Marilyn Mandel and inuring to the benefit of LUANNE DRESHER, and caused Plaintiff, M.V.B. COLLISION INC., and its assignor, LUANNE DRESHER, to incur economic damages.
“That the amount offered by Defendant, ALLSTATE INSURANCE COMPANY, to repair the motor vehicle owned by Plaintiff’s assignor, LUANNE DRESHER, was not sufficient to restore said motor vehicle to its condition at the time of the loss and, as such, Defendant, ALLSTATE INSURANCE COMPANY, was and is in breach of the insurance *241 policy issued to Plaintiff’s assignor, LUANNE DRESHER.
“That the amount sought herein, falls within the limits of liability described and enumerated in the policy.
“Upon information and belief, Plaintiff, M.V.B. COLLISION INC., has sustained damages in the amount of $3,765.54, representing the amount LUANNE DRESHER was caused to have due and owing to Plaintiff, M.V.B. COLLISION INC., due to the breach of contract by Defendant, ALLSTATE INSURANCE COMPANY, plus costs, disbursements and interest.
“By virtue of the breach Plaintiff, M.V.B. COLLISION INC., has been damaged.”
The second cause of action seeks damages sustained by Joseph Dargenio for breach of contract. It is alleged that Joseph Dargenio owned a 2015 Nissan Rogue, which was insured by Allstate. The said vehicle sustained property damage from an accident that occurred on June 8, 2016.
As a result of said accident, Allstate had the defendant, Norman Wong, inspect the Nissan on or about June 16, 2016, who estimated the damages at $9,876.13. The verified complaint states that supplemental estimates were written for the Nissan by Allstate’s adjuster, defendant, John Pluchino, on July 11, 2016 and August 3, 2016, in the sums of $534.28 and $601.41. The total amount of damage sustained by the Nissan totaled $13,531.75 which was fully repaired by plaintiff. Allstate offered only $11,011.82 to Joseph Dargenio and his assignor plaintiff, leaving a balance owed by Allstate to plaintiff of $2,519.93. Plaintiff alleges that the foregoing actions of Allstate constitute a breach of contract. Punitive damages are also sought to be recovered.
The third cause of action is based upon breach of contract asserted against Allstate from an assignment by Charles Cardile to plaintiff. Charles Cardile owned a 2014 Mercedes Benz CLS 550 which was insured by Allstate. The said vehicle was involved in an accident on July 6, 2016, which caused Allstate to have its representative Philip Podberesky write two estimates of $9,519.47 and $1,062.79.
Plaintiff repaired the said Mercedes Benz for a cost of $16,196.50. Defendant refused to pay plaintiff the $16,196.50, but only offered to pay $11,651.35. The foregoing constitutes a *242 breach of contract by Allstate toward its insured Charles Car-dile of $4,545.15.
As stated herein, Charles Cardile assigned his cause of action to plaintiff. Plaintiff seeks the sum of $4,545.15 plus punitive damages.
The fourth cause of action is based upon the negligence of the defendant, Kaysha Cordero. Plaintiff claims that the defendant, Kaysha Cordero, inspected the 2016 Mercedes Benz C300, owned by Luanne Dresher, for Allstate, and wrote an estimate for $697.45. Plaintiff states defendant, Kaysha Cordero, was “negligent and/or reckless” in her inspection and preparation of the repair estimate for the Mercedes Benz.
It is also alleged that defendant, Kaysha Cordero, violated New York State Insurance Law and Insurance Department Regulations (11 NYCRR) § 216.7 (Regulation 64) “in that she refused and/or failed to negotiate [with] Plaintiffs assignor in good faith, resulting in damages to Plaintiff, M.V.B. Collision Inc.”
Plaintiff states that defendant, Kaysha Cordero, is liable:
“That the Defendant, Kaysha Cordero, owed a duty of care to Plaintiffs assignor to professionally and competently inspect the subject vehicle in a non-negligent manner and to write estimate(s) regarding the repair(s) to said vehicle in a professional; competent; and, non-negligent manner, pursuant to the requirements imposed by the State of New York in issuing her an independent Adjuster’s License and to abide by all New York State laws, rules and regulations in that regard.
“By virtue of this negligence, Plaintiff, M.V.B. COLLISION INC., has been damaged in the amount of $10,828.62.”
The fifth cause of action is based upon negligence of defendant, Philip Podberesky. It is alleged that defendant inspected a 2014 Mercedes Benz CLS 550 owned by Charles Cardile on July 19, 2016, on behalf of Allstate, and wrote an estimate for $9,519.47. Defendant also wrote a supplemental estimate for $1,062.79. The verified complaint alleges that Philip Pod-beresky was negligent and reckless in the inspection and preparation of the repair estimate for the Mercedes Benz. Defendant is alleged to have violated New York State Insurance Law and Insurance Department Regulations (11 NYCRR) § 216.7 (Regulation 64) because he refused, or failed, to negotiate *243 plaintiffs claim in good faith. Defendant, Philip Podberesky, is liable:
“Upon information and belief, Defendant, PHILIP PODBERESKY, was negligent and/or reckless in his preparation of a repair estimate regarding the subject motor vehicle.
“Upon information and belief, Defendant, PHILIP PODBERESKY, was in violation of the New York State Insurance Law and Regulation 64 § 216.7, in that he refused and/or failed to negotiate Plaintiff’s assignor’s claim in good faith, resulting in damages to Plaintiff, M.V.B. COLLISION INC.
“Upon information and belief, Defendant, PHILIP PODBERESKY, was negligent and/or reckless in failing to properly inspect the subject motor vehicle and to properly estimate the damage and cost of repair to said motor vehicle.
“That the Defendant, PHILIP PODBERESKY, owed a duty of care to Plaintiff’s assignor to professionally and competently inspect the subject vehicle in a non-negligent manner and to write estimate(s) regarding the repair(s) to said vehicle in a professional; competent; and, non-negligent manner, pursuant to the requirements imposed by the State of New York in issuing him an independent Adjuster’s License and to abide by all New York State laws, rules and regulations in that regard.
“By virtue of this negligence, Plaintiff, M.V.B. COLLISION INC., has been damaged in the amount of $10,828.62.”
The sixth cause of action is asserted against defendant, John Pluchino, based upon negligence. The verified complaint states that defendant, John Pluchino, inspected the 2016 Mercedes Benz owned by Luanne Dresher (Allstate insured) on August 5, 2016, and wrote a supplemental estimate in the sum of $1,152.06.
Plaintiff also asserts that defendant, John Pluchino, inspected the Nissan Rogue (owned by Allstate insured Joseph Dargenio) on July 11, 2016 and August 3, 2016, and wrote supplemental estimates for $534.28 and $601.41.
The verified complaint alleges that defendant, John Pluchino, was negligent and/or reckless in the inspection and preparation of the repair estimates. Plaintiff states that defendant, John Pluchino, is liable:
*244 “Upon information and belief, Defendant, JOHN PLUCHINO, was in violation of the New York State Insurance Law and Regulation 64 § 216.7, in that he refused and/or failed to negotiate Plaintiffs assignor’s claim in good faith, resulting in damages to Plaintiff, M.V.B. COLLISION INC.
“Upon information and belief, Defendant, JOHN PLUCHINO, was negligent and/or reckless in failing to properly inspect the subject motor vehicle and to properly estimate the damage and cost of repair to said motor vehicle.
“That the Defendant, JOHN PLUCHINO, owed a duty of care to Plaintiff’s assignor to professionally and competently inspect the subject vehicle in a non-negligent manner and to write estimate(s) regarding the repair(s) to said vehicle in a professional; competent; and, non-negligent manner, pursuant to the requirements imposed by the State of New York in issuing him an independent Adjuster’s License and to abide by all New York State laws, rules and regulations in that regard.
“By virtue of this negligence, Plaintiff, M.V.B. COLLISION INC., has been damaged in the amount of $10,828.62.”
The seventh cause of action is asserted against defendant, Norman Wong, based upon negligence. The verified complaint asserts that defendant, Norman Wong, inspected the 2015 Nissan Rogue (owned by Joseph Dargenio, an Allstate insured) on June 16, 2016, and wrote an estimate for $9,876.13. Plaintiff contends that defendant, Norman Wong, was negligent and/or reckless in the inspection and preparation of the repair estimate.
The verified complaint contends that defendant, Norman Wong, is liable:
“Upon information and belief, Defendant, NORMAN WONG, was negligent and/or reckless in his preparation of a repair estimate regarding the subject motor vehicle.
“Upon information and belief, Defendant, NORMAN WONG, was in violation of the New York State Insurance Law and Regulation 64 § 216.7, in that he refused and/or failed to negotiate Plaintiff’s assignor’s claim in good faith, resulting in damages to Plaintiff, M.V.B. COLLISION INC.
*245 “Upon information and belief, Defendant, NORMAN WONG, was negligent and/or reckless in failing to properly inspect the subject motor vehicle and to properly estimate the damage and cost of repair to said motor vehicle.
“That the Defendant, NORMAN WONG, owed a duty of care to Plaintiff’s assignor to professionally and competently inspect the subject vehicle in a non-negligent manner and to write estimate(s) regarding the repair(s) to said vehicle in a professional; competent; and, non-negligent manner, pursuant to the requirements imposed by the State of New York in issuing him an independent Adjuster’s License and to abide by all New York State laws, rules and regulations in that regard.
“By virtue of this negligence, Plaintiff, M.V.B. COLLISION INC., has been damaged in the amount of $10,828.62.”
Defendants state that the plaintiff’s first cause of action is based upon breach of contract against Allstate, which is based upon an assignment of the third-party claim by Ms. Dresher, who has no contractual privity with Allstate. Thus, defendants argue that since plaintiff stands in the shoes of Ms. Dresher, no contract claim may be asserted against Allstate by plaintiff or its assignee Ms. Dresher, because Insurance Law § 3420 bars a direct action by the third-party claimant and/or his as-signee until a judgment is obtained against the alleged tortfea-sor, Marilyn Mandel (Allstate’s insured).
Defendants also contend that the fourth, fifth, sixth and seventh causes of action must be dismissed because Ms. Cordero, Mr. Podberesky, Mr. Pluchino, and Mr. Wong are agents (insurance adjusters) of Allstate (disclosed principal) and cannot be held liable: “It is well-settled that an insurance adjuster (Cordero, Podberesky, Pluchino, and Wong), acting as an agent of a disclosed principal (Allstate), whose actions were undertaken at the behest and on behalf of the insurer, cannot be held personally liable to an allegedly injured plaintiff.”
Defendants maintain that the insurance adjusters Cordero, Podberesky, Pluchino and Wong owed no duty to the assignors which would permit a negligence action. Furthermore, it is contended plaintiff cannot sue because there can be no negligent breach of a contract:
*246 “Moreover, aside from the fact that there can be no individual liability against agents of a disclosed principal, the Complaint fails to state a claim for negligence because there are no allegations that . . . Cordero, Podberesky, Pluchino, or Wong owed a cognizable duty of care to the assignor required to maintain a negligence cause of action, especially where, as here, two [of] the assignors had contracts which controlled their relationships with Allstate. There cannot be negligent breach of contracts as a matter of law. Further, Plaintiff lacks standing under CPLR Rule 3211 (a) (3) to pursue any tort claim against the individual defendants because there is no valid assignment for claims against individual adjusters for breach of negligence.”
Defendants further insist that the negligence causes of action here are really disguised claims for general unfair claims settlement practices (i.e., failure to properly inspect and adjust claims). Specifically, defendants argue that plaintiff’s claims are based upon violations of section 216.7 of Insurance Department Regulations (11 NYCRR), for which there is no private cause of action.
Defendants also state that there is no cause of action for bad faith.
Defendants contend that the punitive damages claims should be dismissed because:
1. breach of contract does not provide a basis for punitive damages; and
2. there are no facts alleged which demonstrate fraud, moral turpitude or criminality.
Finally, defendants request that the second and third causes of action be severed because each cause of action involves different claimants from different accidents.
Plaintiff submits the affirmation in opposition of Gina M. Arnedos, affirmed on December 22, 2016. Plaintiff contends that an agent who acts for a disclosed principal can be held liable for his/her own negligent acts:
“The Defendants, Cordero, Podberesky, Pluchino and Wong, by virtue of their independent adjuster’s licenses, owe an independent duty to Plaintiff’s assignors to adjust the estimates in a non-negligent manner. The independent duty flows from the individual bonding of each Defendant and the fact that the license can be revoked or suspended for ‘viola *247 tion of any insurance laws or regulations or demonstration of incompetence.’ ”
Plaintiff cites Insurance Law § 2110, for the proposition that the defendant adjusters are liable for their manner and method in adjusting the insurance claims.
Plaintiff defends the assignment documents which the defendants attack. Copies of the assignments are attached to the plaintiff’s affirmation in opposition. Copies of the assignments were not annexed to the verified complaint. Three of the assignments provided are undated. The first assignment was apparently executed by Luanne Dresher assigning her “rights” to pursue a claim against Allstate to plaintiff. The assignment reads as follows:
“I, Luanne Dresher, residing at 6 Thompson Drive, East Rockaway, NY 11518-2117 in consideration of the relief of personal liability for a debt due and owing to M.V.B. Collision, Inc. d/b/a Mid Island Collision in the amount of $3,763.54 being the additional cost of repair to my 2016 Mercedes C300 and costs incurred to estimate, and repair said vehicle, from M.V.B. Collision, Inc. d/b/a Mid Island Collision, hereby agree to assign my rights to receive payment under my contract for insurance with Allstate Insurance Company for any and all claims arising out of the adjustment, repair, and payment of physical damage to my 2016 Mercedes C300.
“It is further understood that M.V.B. Collision, Inc. d/b/a Mid Island Collision is hereby granted all rights I possess to pursue and enforce the payment of the aforementioned claims against Allstate Insurance Company, by any means available to me by law, including but not limited to the right to pursue legal action against that company, AND,
“It is further understood and agreed that I, Luanne Dresher, hereby waive my right to receive any settlement or judgment obtained in this matter. AND,
“I further agree that I will cooperate fully with M.V.B. Collision d/b/a Mid Island Collision in the collection of any and all monies as well as the prosecution of any and all legal action(s), including appearing at any pre-trial and/or trial proceedings.
*248 “Dated:
7s/ Luanne Dresher /s/ Brian McGauvran
Luanne Dresher Brian McGauvran
M. V. B. Collision, Inc. d/b/a
Mid Island Collision”
The assignments executed by Joseph Dargenio and Charles Cardile mirror the above quoted assignment with the exception that Joseph Dargenio assigned his claim of $2,519.93 and Charles Cardile assigned his claim of $4,545.15.
Plaintiff defends the assignments, despite the fact that same do not specify the assignments of the causes of action against the adjusters by name, i.e., Kaysha Cordero, Philip Podberesky, John Pluchino, and Norman Wong. Plaintiff argues that the assignments against the individuals are valid because:
1. the insurance adjusters are employees of Allstate and thus “are necessarily subsumed within Allstate’s umbrella of identity for purposes of the Assignment”; and
2. the wording in the assignments “any and all claims arising out of the adjustment, ... of physical damage” encompasses causes of action against the individual adjusters.
Plaintiff asserts that the Allstate insureds are third-party beneficiaries of the individual adjusters’ undertakings to adjust the property damage in a “competent and professional manner.” Plaintiff maintains that a duty is owed by the adjusters to the insureds because the insureds will bear the debt to the auto body shop doing the repair if the adjustments are not performed in a professional manner.
Plaintiff argues that punitive damages are appropriate based upon the facts of this case.
Plaintiff also argues that severance is not appropriate because the standard policy of insurance issued by Allstate is involved. All the vehicles involved were repaired and adjusted at Mid Island Collision.
Defendants submit the affirmation of attorney Michael P. Welch, affirmed January 4, 2017, in further support of defendants’ motion for partial dismissal of plaintiff’s complaint, severance, and costs and sanctions.
Defendants reiterate that Insurance Law § 3420 prohibits any direct lawsuit against Allstate until a judgment is obtained against its insured for causing the accident and resulting property damage.
Defendants argue that Ms. Dresher is not an “intended beneficiary” of the insurance policy (contract) between Allstate and *249 its insured, Marilyn Mandel. It is brought out that the only connection between Ms. Dresher and Ms. Mandel is the accident on July 7, 2016. Given same, defendants posit that Insurance Law § 3420 would be rendered meaningless if Ms. Dresher was deemed an intended beneficiary of the Allstate policy and allowing the assignment to plaintiff to sue Allstate directly.
Thus, defendants state that plaintiff’s logic would mean that anybody making a claim under the Mandel policy is “retroactively an ‘intended beneficiary’ of the policy, regardless of the Law of ‘intended beneficiaries.’ ” Defendants attack the assignment documents submitted by plaintiff as invalid because same are undated and no claim number is provided for each one. As such, defendants argue that the assignments could have been provided after the suit was commenced, and that consequently plaintiff would lack standing to bring this action.
Defendants press their attack that even if a valid assignment was given against Allstate, the assignments are invalid against the individual defendants because “there was no assignment of any right to pursue any tort claim against Cordero, Podberesky, Pluchino or Wong.”
Defendants attack plaintiff’s legal arguments as contradictory. Plaintiff argues that the individual defendants can be sued separately from Allstate because they owe an independent duty. Yet, plaintiff also argues that the individual defendants share the same legal identity with Allstate for purposes of the assignment.
Defendants reiterate that the assignments are void concerning the individual defendants because no independent duty is owed to the plaintiff or to its assignors.
Decision
The court grants dismissal of the first cause of action based upon breach of contract. The first cause of action involves the assignment of Luanne Dresher’s claim against Allstate involving the policy of liability insurance issued to its insured Marilyn Mandel. The Mandel vehicle allegedly caused the property damage to the Dresher vehicle. Since there is no contractual relationship between Luanne Dresher and Allstate, there is no breach of contract claim that Luanne Dresher can assign to plaintiff. (See Meyer v North Shore-Long Is. Jewish Health Sys., Inc., 137 AD3d 878 [2d Dept 2016].) Furthermore, Luanne Dresher is not an intended beneficiary of the Allstate liability *250 policy, but only an incidental beneficiary. As held in State of New York v Liberty Mut. Ins. Co. (23 AD3d 1084, 1085 [4th Dept 2005]), both parties to an insurance contract must intend that a third-party claimant be a beneficiary, and that such must appear from the insurance contract:
“We reject the contention of the State that it is an intended third-party beneficiary of the policy. ‘In order for a third party to enforce a policy of insurance, it must be demonstrated that the parties intended to insure the interest of [the third party] who seeks to recover on the policy’ (Stainless, Inc. v Employers Fire Ins. Co., 69 AD2d 27, 33 [1979], affd 49 NY2d 924 [1980]; see State of New York v American Mfrs. Mut. Ins. Co., 188 AD2d 152, 155 [1993]; see generally Fourth Ocean Putnam Corp. v Interstate Wrecking Co., 66 NY2d 38, 43-45 [1985]; Cole v Metropolitan Life Ins. Co., 273 AD2d 832, 833 [2000]). ‘The intention to benefit the third party must appear from the four corners of the instrument,’ and ‘[t]he intention to cover the third party must be that of both parties to the insurance contract’ (Stainless, Inc., 69 AD2d at 33-34). Here, there is no evidence that Liberty Mutual and the Authority intended to insure the interest of the State. The State was not named as an insured, nor was it otherwise referred to in the policy (see American Mfrs. Mut. Ins. Co., 188 AD2d at 155-156). Contrary to the State’s contention, the State is not an intended third-party beneficiary of every contract entered into by the Authority.”
Likewise, the court in Llano v Leading Ins. Servs., Inc. (45 Misc 3d 131 [A], 2014 NY Slip Op 51648[U], *1 [App Term, 1st Dept 2014]) held:
“We agree that defendants demonstrated entitlement to judgment dismissing the complaint. Plaintiff, a stranger to the policy of insurance between defendants and their insureds, has no direct cause of action against defendants in these circumstances where no judgment has been obtained against the alleged tortfeasors (see Insurance Law § 3420[b] [1]; Lang v Hanover Ins. Co., 3 NY3d 350, 354 [2004]; Santa v Capitol Specialty Ins., Ltd., 96 AD3d 638, 639 [2012]). Nor was plaintiff shown to be an intended beneficiary of the insurance policy at issue (see Stainless, Inc. v Employers Fire Ins. Co., *251 69 AD2d 27, 33 [1979], affd 49 NY2d 924 [1980]).”
In Demidova v North Star Ins. Agency (7 Misc 3d 130[A], 2005 NY Slip Op 50537[U], *1 [App Term, 2d Dept, 2d & 11th Jud Dists 2005]), the court also stated that a claims adjuster cannot be held liable for acting at the direction of the insured:
“The parties to the contract of insurance at issue were plaintiff and Sirius, and the certificate of insurance clearly so states. Defendant was not a party to the agreement, and no evidence was introduced that it intended to substitute its own liability for any that Sirius might have to plaintiff. Plaintiff’s only claim was that she was improperly refused reimbursement for certain medical tests, procedures and medications pursuant to the terms of the policy. An insurance administrator or claims adjuster acting at the direction of an insurer cannot be held liable in such circumstances (see e.g. Bardi v Farmers Fire Ins. Co., 260 AD2d 783 [1999]).”
To allow an assignment in this first cause of action would undermine the intent of Insurance Law § 3420. Insurance Law § 3420 requires that the injured party first obtain a judgment against the defendant causing injury. After a judgment is obtained, then the injured party can sue the insurer. In other words, the judgment allows the injured party to step into the shoes of the insured and “can assert any right of the tortfeasor-insured against the insurance company.” (See Lang v Hanover Ins. Co., 3 NY3d 350, 355 [2004].)
Since the injured party Luanne Dresher (property damage to vehicle) never obtained a judgment against Allstate’s insured, Marilyn Mandel, there is no cause of action to be assigned to plaintiff.
The court also dismisses the negligence claims asserted against the four individual defendants, Kaysha Cordero, Philip Podberesky, John Pluchino and Norman Wong. Each of the individual defendants were employed by Allstate as insurance adjusters, acting as an agent for a disclosed principal for which there is no liability based upon the allegations pleaded in the verified complaint. (See Ryan v Preferred Mut. Ins. Co., 38 AD3d 1148 [3d Dept 2007] [holding that adjusters cannot be held liable for work performed on behalf of insurance carriers].)
In O’Keefe v Allstate Ins. Co. (90 AD3d 725 [2d Dept 2011]), the plaintiff sought damages for breach of insurance contract. *252 Individual employees of Allstate were sued. The Second Department dismissed the complaint against the employees:
“The Supreme Court properly granted that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the individual defendants, Mark Malenczak, David Mateer, and Freida Hicks (hereinafter collectively the individual defendants), all employees of the defendant Allstate Insurance Company (hereinafter the insurer), as they cannot, under the circumstances of this case, be held personally liable to the plaintiffs (see Bardi v Farmers Fire Ins. Co., 260 AD2d 783, 787 [1999]; Schunk v New York Cent. Mut. Fire Ins. Co., 237 AD2d 913, 915 [1997]; Benatovich v Propis Agency, 224 AD2d 998, 998-999 [1996]).” (Id. at 726.)
In Benatovich v Propis Agency (224 AD2d 998 [4th Dept 1996]), the plaintiff obtained a homeowner’s policy from defendant Travelers through the defendant Propis Agency. The plaintiff made a claim for property damage incurred from the negligent installation of a central air conditioning system by the defendant Adema. Plaintiff sued the defendants Travelers and Propis because certain damages were not rectified by the cleanups or exacerbated by the cleanups. The Court dismissed the claims against Propis, who acted as an agent for a disclosed principal:
“Additionally, the court should have granted Pro-pis’ motion for summary judgment on the ground that Propis acted as the agent of a disclosed principal, Travelers, and thus cannot be held liable for Travelers’ alleged breach of the policy (see, Van Hoesen v Pennsylvania Millers Mut. Ins. Co., supra, at 733, citing Savoy Record Co. v Cardinal Export Corp., 15 NY2d 1 and Unger v Travel Arrangements, 25 AD2d 40, 47; see generally, 3 NY Jur 2d, Agency and Independent Contractors, § 276).” (Id. at 998-999.)
In Bardi v Farmers Fire Ins. Co. (260 AD2d 783 [3d Dept 1999]), the plaintiff’s premises were destroyed by a fire. Coverage was provided by Farmers Fire Insurance Company. The plaintiff commenced suit because plaintiff was dissatisfied with the amounts offered by Farmers under the policy. The suit included Crawford and Company, which was retained as the adjusting agency to determine and adjust the damages caused *253 by the fire. The suit also included Crawford’s employees Walter K. Quillinan, Jr., and Susan Stark. The Court dismissed the suit against Crawford and its employees:
“The remaining issues raised on the various motions warrant little discussion. As agents of a disclosed principal whose actions were undertaken at the direction of the insurer, the adjusters cannot be held personally responsible to plaintiffs (see, Schunk v New York Cent. Mut. Fire Ins. Co., 237 AD2d 913, 915; Benatovich v Propis Agency, 224 AD2d 998) and all causes of action shall be dismissed against them. Further, there being no evidence of fraud, malice or other tortious act, no action may be maintained against Sonders, who was at all time acting in his capacity as attorney for Farmers (see, Crandall v Bernard, Overton & Russell, 133 AD2d 878, Iv dismissed and denied 70 NY2d 940; Gifford v Harley, 62 AD2d 5).” (Id. at 787; see also Schunk v New York Cent. Mut. Fire Ins. Co., 237 AD2d 913 [4th Dept 1997] [dismissed claim against adjuster as agent of disclosed principal].)
In the case at bar, plaintiff predicates the negligence claims against the individual adjusters in the fourth, fifth, sixth and seventh causes of action, in part, upon violations of New York State Insurance Law and Insurance Department Regulations (11 NYCRR) § 216.7 (Regulation 64), alleging that the adjusters refused and/or failed to negotiate the claims in good faith.
However, in Rocanova v Equitable Life Assur. Socy. of U.S. (83 NY2d 603 [1994]), the Court held there is no private cause of action for unfair settlement practices under Insurance Law § 2601.
In Nick’s Garage, Inc. v Nationwide Mut. Ins. Co. (101 F Supp 3d 185 [ND NY 2015]), the plaintiff collision shop, as as-signee for vehicle owners, commenced an action in the New York State Supreme Court, which was removed to the Federal District Court. Defendant moved for summary judgment. Defendant argued, in part, that there is no private right of action for damages caused by alleged violations of Insurance Law § 2610 or Regulation 64 (11 NYCRR part 216). The plaintiff also alleged a violation of General Business Law § 349. The court granted the motion for summary judgment and dismissed all claims.
Moreover, in Youngs v Security Mut. Ins. Co. (3 Misc 3d 244 [Sup Ct, Seneca County 2004]), the court held that an insur- *254 anee adjuster did not owe the policyholder an independent duty for which the adjuster could be held liable in tort. Furthermore, the court stated claims of bad faith do not constitute the basis for liability, which derives solely from breach of the insurance contract. (See also Velastequi v Exchange Ins. Co., 132 Misc 2d 896 [Civ Ct, Kings County 1986].)
Based upon the authority cited above, there are no viable negligence claims here against the insurance adjusters based upon common law or a private right of action under the Insurance Law and the Regulations.
The court also finds that there is no basis to award punitive damages in this case. Thus, the claims for punitive damages asserted in the causes of action first through seventh are dismissed. (See Bardi v Farmers Fire Ins. Co.; New York Univ. v Continental Ins. Co., 87 NY2d 308 [1995]; Tate v Metropolitan Life Ins. Co., 186 AD2d 859 [3d Dept 1992]; Rocanova v Equitable Life Assur. Soc. of U.S.)
The court declines to sever the second and third causes of action because there is enough basis to allow them to proceed jointly.
The court declines to rule on the validity of the assignments concerning causes of action first, and fourth through seventh, because these causes of action have been dismissed.
The validity of the assignments concerning the second and third causes of action, and when same were executed, must await later determination after completion of discovery.
Conclusion
1. Causes of actions numbered 1, 4, 5, 6 and 7 are dismissed.
2. All claims for punitive damages are dismissed.
3. The causes of actions numbered 2 and 3 may proceed and will NOT be severed.
4. The validity of the assignments concerning causes of action numbered 1, 4, 5, 6 and 7 is moot, given the dismissal thereof. The validity of the assignments concerning causes of action numbered 2 and 3 will be determined at a later time after completion of discovery.
5. The defendant Allstate will file an answer with respect to the second and third causes of action within 30 days of the date of this decision.
*255 6. This matter is set down for a discovery conference on May 2, 2017 at 10:00 a.m. in Civil Part 1 to schedule all discovery needed in this case.