Litwin v Tri-State Consumer Ins. Co. (2018 NY Slip Op 08183)





Litwin v Tri-State Consumer Ins. Co.


2018 NY Slip Op 08183


Decided on November 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 29, 2018

Richter, J.P., Manzanet-Daniels, Gische, Kapnick, Gesmer, JJ.


7744 157367/13

[*1]Francine Litwin, Plaintiff-Appellant,
v
Tri-State Consumer Insurance Company, Defendant-Respondent.


Wilkofsky, Friedman, Karel & Cummins, New York (Harry A. Cummins of counsel), for appellant.
Kaufman Dolowich Voluck LLP, Woodbury (Eric B. Stern of counsel), for respondent.



Order, Supreme Court, New York County (Ellen M. Coin, J.), entered July 21, 2017, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, the complaint reinstated, and the matter remanded for trial.
Defendant failed to establish prima facie that it complied with the terms of the insurance policy in paying plaintiff's claim for damage to personal property due to a fire (see Bardi v Farmers Fire Ins. Co. , 260 AD2d 783, 785-786 [3d Dept 1999], lv denied 94 NY2d 839 [1999]). The policy provided for the submission of an initial claim and, within 180 days, proof of additional liability. For each damaged item, defendant would then pay the "least" of the amounts set forth for six categories of settlement, including 400% of the actual cash value or replacement cost without depreciation or the applicable policy limit for that category. Although defendant submitted a spreadsheet detailing the settlement amounts for each item, it did not indicate how these amounts were calculated or which of the six alternative formulas were relied upon in reaching the amounts. The affidavit by a claims adjuster stating in a conclusory fashion that plaintiff was paid the least of the six category amounts for each item, in accordance with the policy, is insufficient. Nor can claimed reliance on an undisclosed algorithm meet defendant's burden of establishing that it complied with the policy.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 29, 2018
CLERK